Irwin Brownstein, J.
This is a habeas corpus proceeding brought on behalf of an infant relator, who is accused in the Family Court of an act which, if committed by an adult would constitute the crime of assault in the second degree. Following a preliminary hearing held on December 3, 1973, the relator was ordered detained for trial until December 13, 1973. The relator contends that his detention was illegal because the sole evidence adduced at the preliminary hearing consisted of hearsay.
The relator is detained pursuant to section 748 of the Family Court Act which permits the adjournment of a fact-finding hearing for a “ reasonable length of time ” whenever the charge involves either a homicide or an assault where the victim is incapacitated .from attending* court as a result of the assault. In any case, except where the charge relates to a homicide or an assault, a juvenile may not be detained for more than 72 hours without the right to a fact-finding hearing. This is a very limited exception and only a reasonable adjournment may be granted beyond the 72-hour period under those circumstances.
In People ex rel. Guggenheim v. Mucci (32 N Y 2d 307, 312), the Court of Appeals mandated that to adjourn a fact-finding hearing for a “reasonable length of time” as provided by section 748 of the Family Court Act, ‘ ‘ there must be presented to the court facts to show that there is both probable cause to hold the juvenile and such facts, including reliable hearsay, to justify the adjournment of the full fact-finding hearing.” *43 (Emphasis supplied.) An internal memorandum issued by Hon. Florence M. Kelley, Administrative Judge of the Family Court in the City of New York similarly requires that two findings of .fact be made at a preliminary hearing where an adjournment is sought in the case of- a homicide or an assault. First, there must be a finding of probable cause to detain the juvenile and second, there must be a finding of good cause to adjourn the proceedings for more than 72 hours. The issue presented is when, and to what extent, hearsay may be used at such a hearing. Judge Kelley’s memorandum expressly provides that hearsay is admissible to show both cause to hold and cause to adjourn. Apparently pursuant to that memorandum, the Family Court admitted hearsay in this preliminary hearing as to both findings. As a matter of fact no other evidence of any oth# kind appears in the record.
It is not at issue in this case whether “reliable hearsay ” may properly be used to show good cause to adjourn the proceedings since counsel for both sides agree on this principle of law. It is for this reason that I do not entertain the question as to whether there are various qualities of hearsay evidence, and the nature of hearsay evidence required to adjourn the proceeding. The issue in dispute is whether hearsay evidence, “ reliable ” or otherwise, may be used to show probable cause to believe that a crime was committed and reasonable cause to believe that the juvenile committed the act. It is urged by the relator that a finding of probable cause based upon hearsay evidence violates the due process and equal protection principles of the Constitution.
The facts in this case are not in dispute. A police officer was the only witness who testified at the preliminary hearing in the Family Court and stated that he knew nothing about the underlying charge of assault, except that he was at the hospital where the victim was confined and was present when the victim and another eyewitness to the crime identified the relator as the perpetrator. Based solely on that evidence, the Family Court found that probable cause existed to detain the relator and good cause to adjourn the fact-finding hearing beyond 72 hours.
The evidence adduced at this preliminary hearing would clearly be insufficient to hold an adult charged with the same conduct in any other court of this State. Subdivision 8 of CPL 180.60 provides: “ Upon such a hearing, only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony ”, *44 It is the decision of this court that a finding of probable cause, based solely upon hearsay evidence, and the resultant detention of the relator for more than 72 hours violates both due process and equal protection of the laws. In Matter of Edwin R. (60 Misc 2d 355) cited by the Court of Appeals in Guggenheim (32 N Y 2d 307, 313, supra) Judge Utterreiro granted a preliminary hearing as “ being consonant with due process, the right to counsel, and equal protection of the law.” (60 Misc 2d 355, 359.) He also allowed use of hearsay on the issue of probable cause citing the proposed CPL 90.50 as authority. That section would have allowed hearsay at adult criminal preliminary hearings. The Legislature, in its wisdom, failed to enact that section and adopted CPL 180.60 which requires only competent evidence as a basis for holding defendant for further action.
The Court of Appeals in Guggenheim clearly recognized this. Immediately after citing Edwin R. (supra), Judge Breitel, speaking for the court, issued a “ caveat ” on the admissibility of hearsay evidence. Judge Breitel noted that the Family Court Act clearly limits proof on fact-finding hearings to competent evidence and emphasized that ‘1 there is a similar requirement for preliminary hearings in adult criminal proceedings ” (32 N Y 2d 307, 313).
There can be no justification for denying to juveniles the rights afforded adults at preliminary hearings. The only justification for denying to juveniles all of the rights afforded to adults can be the benefits derived from progressive dispositions. Pretrial custody for adults and juveniles has the identical effect for the person incarcerated, the loss of liberty. Judge Breitel aptly stated in Guggenheim (p. 313): “ It would take a distorted view to believe that adult felony criminal proceedings were designed to be more tender of the rights of detained adults than the Family Court proceedings are of juveniles.”
In a similar vein, the Appellate Division, First Department said in 1972: “The United States Supreme Court has only recently reiterated the requirement that fairness requires that no distinction be made between adults and juveniles in evidentiary matters. (Ivan V. v. City of New York, 407 U. S. 203.) ” (Matter of Robert P., 40 A D 2d 638, 639; emphasis supplied.) It is of interest that, notwithstanding the foregoing, the Appellate Division, First Department, held, in a memorandum opinion issued on August 27,1973 (Matter of Raymond B., 42 A D 2d 842), that hearsay evidence is admissible to show probable cause, citing Guggenheim.
*45 For the foregoing reasons, it is the decision of this court that hearsay evidence may not be utilized to show probable cause to detain a juvenile at a preliminary hearing. An internal regulation to the contrary may not provide a legal exception to this clear constitutional mandate.
The within writ is hereby sustained and the relator is released from custody forthwith on his own recognizance.