The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Frank ATKIN, Defendant-Appellee.

No. 83SA345.

Supreme Court of Colorado,
En Banc.

May 21, 1984.

Alexander M. Hunter, Dist. Atty., Richard F. Good, Deputy Dist. Atty., Boulder, for plaintiff-appellant.

No appearance for defendant-appellee.

PER CURIAM.

The People, pursuant to section 16–12–102, 8 C.R.S. (1973),[1] appeal the district court's dismissal of a felony information after the county court made a finding of probable cause and bound the case over to the district court for arraignment. We reverse the order of dismissal and remand the case to the district court for further proceedings.

On March 18, 1983, a felony complaint was filed in the Boulder County Court charging the defendant, Frank Atkin, with criminal extortion.[2] The county court, pursuant to Crim.P. 5(a)(4)(III), conducted a preliminary hearing and, after making a finding of probable cause, bound the case over to the district court for arraignment and trial. The defendant appeared in district court on April 29 and requested a two week continuance.[3] The district court con-

1. Section 16–12–102, 8 C.R.S. (1973), authorizes a prosecutorial appeal of any decision of the trial court in a criminal case upon any question of law.

2. § 18–3–207, 8 C.R.S. (Supp.1983).

3. The defendant requested this continuance in order to file an original proceeding under C.R.C.P. 106 directed to the county court's finding of probable cause.

tinued the case to May 13, at which time defendant obtained another two week continuance.

On May 20 the defendant filed a motion to dismiss alleging that the county court abused its discretion in finding probable cause. The district court ordered the prosecution to file a response to the motion by June 1. The deputy district attorney, who was scheduled to commence a vacation on June 1, prepared a memorandum in response to the defendant's motion, but the memorandum was not filed with the court. On June 7 the defendant filed a motion to dismiss based on the prosecution's failure to file the memorandum in a timely fashion. On June 16 the district court granted the motion to dismiss, ruling as follows:

"On May 20, 1983 the defendant filed a Motion to Dismiss in open court. At that time the prosecution was ordered to file a memorandum brief in opposition to the Motion to Dismiss no later than June 1, 1983. The prosecution has failed to do so. Therefore, the Defendant's Motion to Dismiss is granted."

Upon returning from vacation on June 20, the deputy district attorney learned of the dismissal and filed a motion for reconsideration or, alternatively, for a statement of the legal grounds on which the dismissal was granted. The district court denied the People's motion and this appeal followed.

The People claim that the district court had no jurisdiction to review the county court's finding of probable cause at the preliminary hearing and, therefore, erred in dismissing the case after it was bound over to the district court. The People's claim is well taken.

 Crim.P. 5(a)(4)(III) provides that, upon a finding of probable cause by the county judge, the defendant shall be "bound over to the appropriate court of record for trial." In *People v. District Court*, 652 P.2d 582 (Colo.1982), we held that, upon a finding of probable cause by the county court, the district court is without jurisdiction to reopen or reconsider the probable cause determination. In this case, therefore, the district court lacked the power to grant the relief requested by the defendant in the original motion to dismiss.

 In view of the district court's lack of jurisdiction to reconsider the county court's finding of probable cause, little purpose, if any, was served in ordering the prosecution to respond to a dismissal motion that the court was without power to grant. Under the circumstances of this case the court abused its discretion in dismissing the criminal charge. While a court validly may impose sanctions for failure to comply with a briefing schedule, the dismissal of a criminal charge "is a drastic remedy to be reserved for situations where no other sanction would attain the proper result." *People v. Holloway*, 649 P.2d 318, 320 (Colo.1982). Whatever sanctions the court might appropriately have considered to remedy the prosecution's failure to comply with the briefing schedule, dismissal was not one of them.

The judgment is reversed and the cause is remanded to the district court for reinstatement of the information and for further proceedings on the charge of criminal extortion.