Herman WHITE, Petitioner-Appellant,

v.

J.D. MacFARLANE, Manager of Safety, City and County of Denver, Respondent-Appellee.

No. 85SA180.

Supreme Court of Colorado, En Banc.

Jan. 27, 1986.

David F. Vela, Colorado State Public Defender, Philip A. Cherner, Barbara Blackman, Deputy State Public Defenders, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Deputy Atty. Gen., Appellate Section, Denver, for respondent-appellee.

DUBOFSKY, Justice.

Herman White appeals an order of the District Court for the City and County of Denver denying his petition for a writ of habeas corpus. The district court ruled that it did not have jurisdiction in the context of a habeas corpus proceeding to review a county court's finding of probable cause in a criminal prosecution against White. We affirm.

On April 8, 1985, White was charged with one count of second degree forgery under section 18–5–103, 8 C.R.S. (1973 & 1985 Supp.),[1] and bond was set at $10,000. At White's preliminary hearing in Denver county court on May 2, 1985, a police detective testified that Larry Gliss, owner of Money Express Check Cashing Service, told him that on December 23, 1984, White cashed a check drawn on Jeta Enterprises for $150. The check later was returned to Gliss marked, "Check Stolen." Joseph Arnett, who was authorized to sign checks on the Jeta Enterprises account, told the detective that Jeta Enterprises went out of business in 1984, that he thought he had thrown out all of the checks after he had torn them up, that he did not make any checks payable to White, and that he did not authorize White to cash the check. When the detective spoke with White, White admitted that he had cashed the check and stated that he had received the check from someone he knew only as Kent, that he had done some hauling work for Kent, and that he did not know how to get in touch with Kent. The county court found probable cause to believe that White had committed second degree forgery and bound the case over to Denver district court.

Later on the day of the preliminary hearing, White, who was unable to make bond, sought a writ of habeas corpus from the district court under section 13–45–103(2)(b), 6 C.R.S. (1973).[2] White conceded that his

1. Section 18–5–103 provides in part:
   (1) A person commits second degree forgery, if, with intent to defraud, he falsely makes, completes, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
   (a) A deed, will, codicil, contract, assignment, commercial instrument, promissory note, check, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status....

2. Section 13–45–103, which governs habeas corpus hearings, provides in part:
   (2) If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:
   ...,

original imprisonment was lawful but alleged that a subsequent event, the prosecution's failure to elicit evidence sufficient to sustain a finding of probable cause, entitled him to discharge from jail. The petitioner acknowledged that a district court could not review another tribunal's finding of probable cause; thus, he sought release pending trial, not dismissal of the criminal charge. On May 7, 1985, White pleaded not guilty at his arraignment in district court on the second degree forgery charge, and the court reduced his bond to $2500. On May 16, 1985, the Denver district court denied White's request for a writ of habeas corpus, determining that it had no jurisdiction to review a county court's findings of probable cause.[3]

■ The district court does not have jurisdiction to reopen or reconsider a county court's probable cause determination. *People v. Atkin*, 680 P.2d 1277 (Colo.1984); *People v. District Court*, 652 P.2d 582

(Colo.1982); *see* Crim.P. 5(a)(4)(III).[4] White therefore asserts that habeas corpus relief is proper because no other relief is available. White's argument finds support in the rulings of other state courts that allow habeas corpus challenges to a finding of probable cause at a preliminary hearing[5] and in the cases in which we have provided habeas corpus relief for physical confinement when parole is revoked in violation of the state statute governing parole, *Schooley v. Wilson*, 150 Colo. 483, 374 P.2d 353 (1962), and for lack of treatment during commitment to a state mental hospital, *Marshall v. Kort*, 690 P.2d 219 (Colo.1984).

■ However, habeas corpus relief is generally not available unless other relief is unavailable. *See Marshall v. Kort*, 690 P.2d at 224; *McIntosh v. Haynes*, 545 S.W.2d 647, 650 (Mo.1977). A defendant seeking to challenge an erroneous ruling on probable cause may seek extraordinary

---

(b) Where, though the original imprisonment was lawful, yet by some act or omission, or event which has subsequently taken place, the party has become entitled to discharge....

3. The district court ruled as follows:

Now, whether habeas corpus is the appropriate remedy or not, I'm not going to make a ruling on that, but I would like a ruling that at least in the language as I understand it in the cases that have been cited here, and I'm looking particularly at the *Zaharia* [*v. County Court in and for Jefferson County*] case ... at 673 P.2d 278, it would appear in the language in that case that a district court cannot review the county court's factual findings of probable cause. It goes into what the district court can do with regard to reviewing what the county court has done, but it would be my understanding that this court does not have that type of authority and jurisdiction to review probable cause that was determined by the county court, so I would so find. Now, as I say the remedy, I don't want to comment on whether I think you brought it to this court's attention through the proper remedy or not, but I would just feel that however you would get to this Court, this Court does not have that type of jurisdiction to review probable cause.

In stating that he would have reached the same outcome if defendant had requested C.R.C.P. 106 relief, the court ruled as follows:

[I]t's not the way you did it; it's just that I do not believe that the remedy is available in the district court.

4. A district court, however, may review the county court's pretrial *procedural* decisions under an abuse of discretion standard. *People ex rel. Leidner v. District Court*, 198 Colo. 204, 597 P.2d 1040 (1979); *Zaharia v. County Court*, 673 P.2d 378 (Colo.App.1983).

5. A number of states allow habeas corpus challenges to the sufficiency of the evidence at preliminary hearings. *See, e.g., Pierce v. Mims*, 418 So.2d 273 (Fla.Dist.Ct.App.1982); *Archie v. Sheriff*, 95 Nev. 182, 591 P.2d 245 (1979); *People ex rel. Guggenheim v. Mucci*, 77 Misc.2d 41, 352 N.Y.S.2d 561 (Sup.Ct.), *aff'd*, 46 A.D.2d 683, 360 N.Y.S.2d 71 (App.Div.1974); *Commonwealth v. Snyder*, 335 Pa.Super. 19, 483 A.2d 933 (Super. Ct.1984); *State ex rel. Funmaker v. Klamm*, 106 Wis.2d 624, 317 N.W.2d 458 (1982). In these states, however, either the statute governing habeas corpus specifically provides that habeas corpus is available to challenge findings of probable cause at preliminary hearings or there is no indication that original jurisdiction has been made explicitly available to provide review of probable cause findings. *See* Fla.Stat.Ann. § 79.01 (1983); Fla.R.Civ.P. 9.030; Nev. Const. art. 6, § 5; N.R.S. § 34.375, amended by St. 1985, c. 435, § 14; Nev.R.App.P. 21, 22; N.Y. Const.art. 6, §§ 3, 7; N.Y.Civ.Prac.Law §§ 7001 (McKinney 1980), 7801 (McKinney 1981); 42 Pa.Cons.Stat.Ann. §§ 721 (Purdon 1981), 6502(a), 6503(a) (Purdon 1982); Pa.R.App.P. 3307; Wis.Stat.Ann. §§ 782.01 (West 1981), 809.70, 809.71 (West 1985).

relief under C.A.R. 21. *See Pease v. District Court,* 708 P.2d 800 (Colo.1985); *People ex rel. Leidner v. District Court,* 198 Colo. 204, 597 P.2d 1040 (1979); *Maestras v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975); *Kuypers v. District Court,* 188 Colo. 332, 534 P.2d 1204 (1975). Thus, White is incorrect in asserting that if his petition for a writ of habeas corpus is denied, he will be without a remedy. Because an original proceeding under C.A.R. 21 could have been filed to test a preliminary hearing finding of probable cause, we uphold the district court's discharge of White's petition for a writ of habeas corpus.

White also raises on appeal the substantive issue that the evidence was insufficient to support the county court's finding of probable cause. Although normally this court will only review probable cause findings under C.A.R. 21, to expedite the proceeding in this case we also consider White's challenge to the sufficiency of the evidence.

■ The purpose of a preliminary hearing is to determine if there is probable cause to believe that the defendant committed the crime charged. *People v. Sabell,* 708 P.2d 463 (Colo.1985); *People ex rel. Russel v. District Court,* 186 Colo. 136, 138, 526 P.2d 289, 290 (1974). Evidence to support a conviction is not required, but the evidence must be "sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed the crime charged." *People v. Holder,* 658 P.2d 870, 871 (Colo.1983) (quoting *People v. Treat,* 193 Colo. 570, 574, 568 P.2d 473, 474–75 (1977)). Although the prosecutor may not rely totally on hearsay if competent evidence is readily available, the bulk of the case may be hearsay. *Hunter v. District Court,* 190 Colo. 48, 51, 543 P.2d 1265, 1267 (1975); *see People v. Quinn,* 183 Colo. 245, 250, 516 P.2d 420, 422 (1973). In determining whether probable cause exists, the trial court must draw all reasonable inferences favorable to the prosecution, *Holder,* 658 P.2d at 871–72; *see Treat,* 193 Colo. at 573–74, 568 P.2d at 478, and its ruling will be reversed only if the ruling is an abuse of discretion. *See Kuypers,* 188 Colo. 332, 534 P.2d 1204.

■ White asserts that at the preliminary hearing the prosecution failed to make a sufficient showing of intent to defraud, a material element of second degree forgery. *People v. Billington,* 191 Colo. 323, 552 P.2d 500 (1976); *see Nahler v. People,* 159 Colo. 20, 409 P.2d 508 (1966); *People v. McDonald,* 53 Colo. 265, 125 P. 114 (1912). The bulk of the police officer's testimony in this case consisted of hearsay, but the officer's testimony that White admitted that he had cashed the check, that he had received the check from someone he knew only as Kent, and that he did not know how to get in touch with Kent is not hearsay. *See Sabell,* 708 P.2d at 465; CRE 801(d)(2). White did not tell the police officer that he intended to defraud Money Express Check Cashing Service, but evidence of state of mind is rarely available and intent may be inferred. *People v. Spurrier,* 712 P.2d 486 (Colo.1986); *People v. Taylor,* 655 P.2d 382 (Colo.1982). When the evidence that Gliss thought he had torn up all the Jeta Enterprises' checks, that he did not make any checks payable to White, and that White could give no information about the person from whom he received the check is viewed in the light most favorable to the prosecution, a person of ordinary intelligence reasonably would believe that White intended to defraud Money Express Check Cashing Service. *See Taylor,* 655 P.2d at 384 (cashing check for $759.86 when only $159.47 is in account is sufficient for person of ordinary intelligence to infer that there was intent to defraud). The evidence before the county court was sufficient to establish probable cause.

Judgment affirmed.