James D. BLEVINS,
Petitioner-Appellant,

v.

Dan TIHONOVICH, Sheriff of the County of Pueblo, State of Colorado,
Respondent-Appellee.

No. 85SA390.

Supreme Court of Colorado,
En Banc.

Dec. 2, 1986.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr., Corinne E. Martinez, Pueblo, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for respondent-appellee.

VOLLACK, Justice.

James D. Blevins appeals an order of the district court for the County of Pueblo denying his petition for a writ of habeas corpus. The district court ruled that it was without jurisdiction to reopen or reconsider the county court's determination of probable cause. Relying on our recent decision in *White v. MacFarlane*, 713 P.2d 366 (Colo.1986), we affirm.

## I.

On November 23, 1984, Blevins was arrested and charged with two counts of felony menacing with a deadly weapon. § 18–3–206, 8B C.R.S. (1986). The information alleged that there were two victims, Paul Jersin and Raeann Johnson. At Blevins' preliminary hearing in Pueblo County Court on May 2, 1985, only Paul Jersin was called to testify to the events leading up to the petitioner's arrest. Jersin testified that on November 23, 1984, he was driving down Northern Avenue in Pueblo County with his girlfriend, Raeann Johnson, in the passenger seat beside him. He stated that Blevins, in a four-wheel drive pickup, drove up next to his car shouting foul language and making obscene gestures at Raeann Johnson, drove erratically from one lane of traffic to the other, at one point threw roofing nails at Jersin's car, and then sped off. Jersin testified to chasing Blevins in order to obtain Blevins' license plate number to give to the police. According to Jersin, when he caught up with Blevins, Blevins swerved toward Jersin's car, rolled down the window on the passenger's side of the car, and pointed a handgun out of the window towards Jersin. Jersin stated that he immediately decelerated, just as Blevins fired his gun.

The petitioner cross-examined Paul Jersin for at least thirty minutes on the details of the incident, and then sought to call Raeann Johnson to testify. The prosecutor objected, claiming that Johnson's testimony would go to the credibility of Jersin's testimony and not to the establishment of probable cause. Blevins claimed that he had a right to cross-examine Raeann Johnson because she was named as a victim in the information. The county court sustained the prosecution's objection, ruling that a preliminary hearing was not a mini-trial and that the evidence presented was sufficient to establish probable cause as to both counts of menacing with a deadly weapon. The case was bound over to the district court for trial.

On June 7, 1985, Blevins filed a petition for a writ of habeas corpus in the district court for the County of Pueblo; a hearing was held on August 2, 1985. The petitioner contended that the relief of habeas corpus was appropriate, although he was out on bail, because his liberty was restrained by the surety bond. He claimed that there was a substantial defect in the process afforded him at the preliminary hearing because he was not permitted to cross-examine a witness to the incident. He also claimed that everything Jersin said with regard to Raeann Johnson was hearsay evidence and, therefore, Johnson should have testified herself. The People asserted that the petitioner did not meet the jurisdictional requirements of the Habeas Corpus Act because the petitioner was not in custody and there was no final judgment in the case. On August 26, 1985, the Pueblo District Court denied Blevins' request for a writ of habeas corpus, ruling that it was without jurisdiction to reopen or reconsider the county court's determination of probable cause.

## II.

Habeas corpus relief is generally not available unless other relief is unavailable. A defendant seeking to challenge an erroneous ruling on probable cause may seek extraordinary relief under C.A.R. 21, 7B C.R.S. (1984). *White v. MacFarlane*, 713 P.2d at 368–69. In *White*, we stated that an original proceeding under C.A.R. 21 is one method of testing a preliminary hearing finding of probable cause. Although we hold that Blevins' petition for a writ of habeas corpus is inappropriate, and normally we will only review a defendant's challenge to probable cause findings under

C.A.R. 21, to expedite the proceedings in this case we will consider Blevins' substantive claim that the county court abused its discretion in refusing to permit the petitioner to call a witness at the preliminary hearing. *See White,* 713 P.2d at 369.

### III.

■ The purpose of a preliminary hearing is to determine if there is probable cause to believe that the defendant committed the crime charged. *People v. Sabell,* 708 P.2d 463 (Colo.1985). The preliminary hearing is not intended to be a mini-trial or to afford the defendant an opportunity to effect discovery, *Rex v. Sullivan,* 194 Colo. 568, 575 P.2d 408 (1978), and a defendant has no constitutional right to an unrestricted confrontation of all witnesses. *Id.* at 571, 575 P.2d at 410. A preliminary hearing judge "may temper the rules of evidence in the exercise of sound judicial discretion." Crim.P. 7(h)(3), 7B C.R.S. (1984).

■ The petitioner claims the hearing judge abused his discretion in prohibiting the testimony of Raeann Johnson because the testimony of Jersin on the assault of· Raeann Johnson was hearsay. Jersin and Johnson were in the same car at the time of the shooting incident, and Jersin's testimony as to what happened was based on direct observation; therefore, the majority of his testimony was not hearsay. Moreover, hearsay evidence, and other evidence, which would be incompetent if offered at trial, may well comprise the bulk of the evidence offered at a preliminary hearing. *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). It is not required that the prosecution produce all or even the best witnesses at a preliminary hearing, although the process is best served when at least one witness is called whose direct perception of the criminal episode is subject to evaluation by the judge at the preliminary hearing. *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975). In the present case, Blevins had an opportunity to cross-examine Jersin, who testified as to his direct perception of the criminal episode in question. Therefore, the prosecution

was not relying on hearsay testimony, and it was not an abuse of discretion to prohibit the defense from calling Raeann Johnson to testify. The evidence before the county court was sufficient to establish probable cause, and we will not disturb its finding.

Judgment affirmed.