The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Deborah GENTRY, Defendant-Appellee.

No. 85SA324.

Supreme Court of Colorado,
En Banc.

July 13, 1987.

G.F. Sandstrom, Dist. Atty., Matthew Martin, Scott Epstein, Deputy Dist. Attys., Pueblo, for plaintiff-appellant.

No appearance for defendant-appellee.

ERICKSON, Justice.

The defendant, Deborah Gentry, was acquitted by a Pueblo County jury of one count of vehicular homicide while under the influence of an intoxicant. *See* § 18–3–106(1)(b)(I), 8B C.R.S. (1986).[1] The prosecution appeals from an adverse ruling of the Pueblo County District Court on a question of law pursuant to section 16–12–102(1), 8A C.R.S. (1986). The district court overruled the prosecution's objection to a jury instruction concerning the doctrine of independent intervening cause. We hold that the trial court's instruction misstated the law of independent intervening cause, and we disapprove of the trial court's ruling.[2]

1. Section 18–3–106(1)(b)(I), 8B C.R.S. (1986) states: "If a person operates or drives a motor vehicle while under the influence of any drug or intoxicant and such conduct is the proximate cause of the death of another, he commits vehicular homicide. This is a strict liability crime."

2. Jeopardy has attached in this case and, because the prosecution appeals pursuant to § 16–12–102(1), 8A C.R.S. (1986), our review is limited to approval or disapproval of the district court's order. *See People v. Low,* 732 P.2d 622, 624 n. 2 (Colo.1987).

### I.

The parties stipulated to the facts of the case for the purposes of this appeal. On August 7, 1984, at approximately 11:20 p.m., a car driven by the defendant struck and killed a pedestrian, George Baker. Baker was struck after he left Trani's Supper Club in Pueblo, Colorado, and as he was crossing South Santa Fe Avenue.

In the evening hours preceding the collision, the defendant was at a bar about one and one-half blocks south of Trani's Supper Club on South Santa Fe Avenue. The defendant testified that she consumed four or five beers while at the bar, and both she and a witness stated that she was not intoxicated when she left the bar at 10:30 p.m.

The defendant stated that she left the bar, got into her car, and drove northbound on South Santa Fe Avenue. It was raining slightly, and the street was well-lighted. As she drove past Trani's Supper Club, Baker stepped out in front of her car. She testified that, although she stepped on the brakes and honked her horn, she was unable to prevent a collision, and Baker was struck and killed.

Baker had been at the supper club in the company of Irene Wilson before the accident occurred. Wilson decided to leave the supper club at about 11:00 p.m. and Baker offered to walk her outside. The couple stood in front of Trani's for a short while before Wilson crossed South Santa Fe Avenue to her car. When Wilson reached the center median, she heard someone behind her ask whether she wanted some coffee. Wilson turned towards the supper club and saw the defendant's car strike Baker. Wilson did not hear any horn or the sound of screeching tires before the collision. Wilson and another witness testified that Baker was not intoxicated on the evening of August 7, 1984.

The police investigated the accident and did not find any evidence of erratic driving by the defendant before the collision. The evidence was that Baker stepped directly in front of the defendant's car. The officers estimated that the collision occurred directly west of the front door of Trani's and about three feet west of the eastern edge of the northbound outside traffic lane.[3]

The defendant was transported from the scene to a local hospital to have blood samples taken. Blood was drawn within an hour of the collision from both the defendant and Baker's body. A toxicologist testified that the defendant's blood alcohol level was .237, and that Baker's blood alcohol level was .06.

An expert in accident reconstruction testified for the defendant. The expert stated that the proximate cause of the collision resulting in Baker's death was the fact that Baker stepped out in front of the defendant's oncoming car.

The defendant's theory of defense was that Baker's act in stepping in front of the defendant's vehicle was an independent intervening cause of death, thus absolving the defendant of vehicular homicide. Over the prosecution's objection, the trial court instructed the jury on the law of independent intervening cause in Instruction No. 11:

It is defendant's theory that the death of George Baker was caused by the act of George Baker in stepping in front of the defendant's automobile.

To warrant a conviction for vehicular homicide, the death must be the natural and probable consequence of the defendant's unlawful act, and not the result of an independent intervening cause in which the defendant does not participate, and which she could not foresee. If it appears that the act of the defendant was not the proximate cause of the death for which she is being prosecuted, but that another cause intervened, with which she was in no way connected, and but for which death would not have occurred, such supervening cause is a de-

---

**3.** The parties stipulated that South Santa Fe Avenue is a north-south street with two traffic lanes in each direction. Parking lanes, both of which are eleven feet wide, are located on the east and west sides of the street. The four traffic lanes are each twelve feet wide. A painted center median is eighteen feet wide.

fense to the charge of vehicular homicide.

If you entertain a reasonable doubt as to whether the death of George Baker was caused by his own acts, you must find the defendant Not Guilty of vehicular homicide.

The prosecution tendered an alternate instruction on independent intervening cause which was refused by the trial court.[4] The defendant was acquitted of vehicular homicide, and this appeal followed.

### II.

 A defendant is responsible for the death of another if the death is a natural and probable consequence of his misconduct. *Hamrick v. People*, 624 P.2d 1320 (Colo.1981). Unlawful conduct which is broken by an independent intervening cause cannot be the proximate cause of the death of another. *People v. Calvaresi*, 188 Colo. 277, 283, 534 P.2d 316, 319 (1975). To qualify as an intervening cause, an event must be unforeseeable and one in which the accused does not participate. *Id.* In *Calvaresi* we stated:

> To warrant a conviction for homicide, the death must be the natural and probable consequence of the unlawful act, and not the result of an independent intervening cause in which the accused does not participate, and which he could not foresee. If it appears that the act of the accused was not the proximate cause of the death for which he is being prosecuted, but that another cause intervened, with which he was in no way connected, and but for which death would not have occurred, such supervening cause is a defense to the charge of homicide.

188 Colo. at 283, 534 P.2d at 319 (citation omitted).

 Instruction No. 11 is virtually a verbatim recitation of the language contained

in *Calvaresi*. However, in *Calvaresi*, and again in *People v. Fite*, 627 P.2d 761 (Colo. 1981), we emphasized that the simple negligence of another which follows the original unlawful act and which contributes to the death of the victim is not, as a matter of law, an independent intervening cause. Gross negligence, because it is unforeseeable, is an intervening cause, and constitutes a defense in those instances where, but for the gross negligence, death would not have occurred. *Fite*, 627 P.2d at 767; *Calvaresi*, 188 Colo. at 283, 534 P.2d at 319.

 The prosecution concedes that the defendant was entitled to an independent intervening cause instruction on the facts of this case. In our view, however, the trial court erred by giving Instruction No. 11 because it fails to state that the supervening event must constitute gross negligence to be an independent intervening cause. The trial court's order overruling the prosecution's objection to Instruction No. 11 is disapproved.

---

4. The prosecution's alternate instruction stated:
    To warrant a conviction for vehicular homicide, the death must be the natural and probable consequence of the unlawful act, and not the result of an independent intervening cause in which the accused does not participate, and which she could not foresee. If it appears that the act of the accused was not the proximate cause of the death for which she is being prosecuted, but that another cause intervened, with which she was in no way connected, which was the result of gross negligence, and but for which death would not have occurred, such supervening cause is a defense to a charge of vehicular homicide.
We offer no view on the propriety of this instruction.