The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Paul Bruce HICKOX,
Defendant-Appellant.

No. 86CA0157.

Colorado Court of Appeals,
Div. I.

Aug. 6, 1987.

Rehearing Denied Sept. 10, 1987.

Certiorari Denied March 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, William S. Schurman, Deputy State Public Defender, Steamboat Springs, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Paul Bruce Hickox, appeals the judgments of conviction entered after jury verdicts of guilty of two counts of vehicular assault and the lesser included offenses of driving under the influence and careless driving. We affirm.

The charges here arose out of two collisions involving defendant's pickup truck, a bridge, and a semi-tractor and trailer. Defendant, who was driving after consuming a large quantity of alcohol, lost control of his pickup and collided with a bridge abutment. His pickup came to rest near the middle of a long two-lane bridge, partially blocking both lanes of traffic. Soon thereafter, a semi-tractor and trailer rig approaching from the opposite direction collided with defendant's pickup, which was still partially blocking both lanes on the bridge. The driver of the semi-tractor and a passenger in defendant's pickup truck were seriously injured, giving rise to the vehicular assault charges.

## I.

■ Defendant first contends that the trial court erred by rejecting his tendered instruction regarding "intervening cause." Defendant argues that because there was evidence that the semi-tractor driver was speeding, and that the semi-tractor driver proceeded onto the bridge without slowing down, despite efforts of another motorist to warn the driver of the danger, the tendered instruction on intervening cause should have been given to the jury. We disagree.

If it appears that the act of the accused was not the proximate cause of the injuries for which he is being prosecuted, but that another cause intervened, with which he is in no way connected, and but for which the injuries would not have occurred, such intervening cause is a defense to the charge of vehicular assault. *See People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975); *People v. Bowman*, 669 P.2d 1369 (Colo. 1983). However, an act of simple negligence by another after the original injury-causing act of the defendant cannot, as a matter of law, constitute an independent intervening cause. *See People v. Gentry*, 738 P.2d 1188 (Colo.1987); *People v. Calvaresi, supra.* Thus, if it does not constitute gross negligence, the conduct of a victim is not a defense to vehicular assault. *See People v. Gentry, supra; People v. Dunhill*, 40 Colo.App. 137, 570 P.2d 1097 (1977).

Here, the collision of the semi-tractor and defendant's pickup was directly related to defendant's conduct. It was easily foreseeable that the consumption of alcohol by defendant could cause him to lose control of his vehicle, and that his vehicle could come to rest in a position hazardous to other vehicles, ultimately causing injury to the driver of another vehicle and to a passenger in defendant's vehicle. At most, the semi-tractor driver's failure to stop constituted simple negligence. Thus, it could not be considered as an intervening cause of the injuries suffered here, and defendant's tendered instruction on intervening cause was properly rejected. *See People v. Gentry, supra; People v. Dunhill, supra.*

There was also no need to instruct the jury on intervening cause because the other instructions given to the jury fully apprised it of the applicable law. *See People v. Deadmond*, 683 P.2d 763 (Colo.1984). The definition of proximate cause that was given to the jury here fully apprised it of the causal connection between conduct and result that the prosecution was required to establish beyond a reasonable doubt. Thus, it was not error to refuse defendant's tendered instruction on intervening cause.

## II.

■ Defendant also contends that the trial court erred in refusing three tendered

instructions which paralleled the pattern instructions concerning looking but failing to see as negligence, duty to maintain lookout, and right to assume others will obey the law. *See CJI–Civ.2d* 9:13, 11:1, and 11:9 (1980). However, because these instructions address only the contributory negligence of the semi-tractor driver in failing to avoid the collision, they do not raise a valid defense to the vehicular assault charges. *See People v. Dunhill, supra.* Therefore, the trial court properly refused them.

## III.

■ Defendant next contends that the trial court's instruction to the jury regarding presumptions relating to the defendant's blood alcohol level improperly shifted the burden of proof to the defendant on the issue of whether defendant was under the influence of alcohol. We agree, but conclude the error was harmless.

Here, the defendant objected to the court's instruction which reads in relevant part as follows:

"In any prosecution for the charge of vehicular assault and/or the offense of driving under the influence of intoxicating liquor *the amount of alcohol in the Defendant's blood* at the time of the commission of the alleged offense, or within a reasonable time thereafter, *as shown by chemical analysis* of the defendant's blood, *shall give rise to the following presumptions:*

. . . .

"C. *If there was* at such time *0.10 percent or more* by weight of alcohol in the defendant's blood, *it shall be presumed that the defendant was under the influence of alcohol.*

"These presumptions are not to be construed as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor. In weighing the evidence, you will consider [sic] the foregoing presumptions together with all the other compe-

tent evidence in determining the guilt or innocence of the accused." (emphasis added)

This instruction parallels the language of § 18-3-205, C.R.S. (1986 Repl.Vol. 8B), the vehicular assault statute, and § 42-4-1202(2), C.R.S. (1984 Repl.Vol. 17), the DUI statute. Both statutes provide, among other things, that upon proof of a blood alcohol level of 0.10 percent or more by weight, "it shall be presumed that the defendant was under the influence of alcohol." Our supreme court recently held that this language in § 42-4-1202(2) is properly construed to authorize only a permissive inference that a defendant was under the influence of alcohol. *Barnes v. People,* 735 P.2d 869 (Colo.1987).

In our view, the instruction here *required* the jury to presume that defendant was under the influence of alcohol if the predicate blood alcohol level of 0.10 percent was shown. Although the last paragraph of the instruction implied that this presumption was rebuttable, nevertheless, the wording used created a mandatory rebuttable presumption on an essential element of the charged crime, and the State's burden of persuasion on the issue of whether defendant was under the influence of alcohol was impermissibly shifted to defendant, in violation of his constitutional due process rights. *See Barnes v. People, supra; Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

However, error of constitutional dimensions does not require reversal if the error was harmless beyond a reasonable doubt. *Key v. People,* 715 P.2d 319 (Colo.1986). Here, the accident occurred at 7:30 p.m. The injured passenger in defendant's truck testified that he and defendant had shared a pitcher of beer at three p.m. Defendant admitted drinking the equivalent of three beers at that time and other evidence indicated that he drank several other beers while driving later that afternoon and evening. The first witness on the scene after the collision testified that defendant "seemed drunk," and that he was "staggering a little bit," and his speech was "slurred." A test performed after the acci-

dent showed defendant's blood alcohol concentration to be 0.169 grams per hundred milliliters of blood, and a doctor who examined the blood alcohol data on defendant estimated that at the time of the collision, defendant's blood alcohol level was 0.23. Thus, the evidence was overwhelming that defendant was under the influence of alcohol, and therefore, the erroneous instruction was harmless beyond a reasonable doubt. *Key v. People, supra.*

Defendant's other contentions are without merit.

Judgments affirmed.

PIERCE and CRISWELL, JJ., concur.