The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Earl Wayne GARNER, Defendant–Appellee.

No. 88SA55.

Supreme Court of Colorado, En Banc.

Oct. 23, 1989.

. . . .

(B) A lawyer shall:

. . . .

Barney Iuppa, Dist. Atty., Fourth Judicial Dist., and Gordon R. Denison, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Mark J. Rue, Colorado Springs, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

The People bring this appeal pursuant to section 16–12–102(1), 8A C.R.S. (1986), to review the ruling of the trial court dismissing a vehicular homicide charge against the defendant Earl Wayne Garner.[1] We find that the trial court erred in dismissing the charge at the preliminary hearing by concluding that the act of speeding, not the intoxication of the defendant, was the proximate cause of the death of the victim. We reverse the trial court's dismissal of the vehicular homicide charge.

I.

On November 7, 1987 Garner was driving a pickup truck on a four-lane divided residential street in Colorado Springs. A small group of children was on the median, preparing to cross the street in front of Garner's vehicle. All of the children stopped, except for twelve-year-old Lisa Uhrenic who continued to cross the street. Garner, who was traveling in the left lane of traffic, swerved into the right lane in an apparent attempt to avoid the child but the right front of his truck struck and killed her.

Garner was charged with vehicular homicide, driving under the influence and driving with excessive blood alcohol content.[2]

At the preliminary hearing on the vehicular homicide charge, evidence established that Garner's blood alcohol level was .201 one hour after the collision. The defense stipulated to Garner's intoxication, to his driving the truck which hit the child, and to Lisa Uhrenic's death as a result of the accident.

An investigating officer testified on the basis of skid marks that Garner was driving an estimated 43.39 miles per hour in a posted 35 mile per hour zone. He described the point of impact as four inches from the right side of the vehicle. The officer offered his opinion that, had Garner been traveling at the posted speed limit, the vehicle would have stopped three feet after striking Uhrenic as opposed to the 26 feet which the vehicle actually traveled after the point of impact. It was the officer's opinion that the accident would have occurred even if Garner had been driving at 35 miles per hour but he could not say whether the death would have occurred under those circumstances. Another officer testified, that in his opinion, the "proximate cause" of the accident was not Garner's conduct but rather the accident resulted because Uhrenic ran between traffic and crossed in front of the vehicle.

Other eyewitnesses, who were driving directly behind Garner on the date of the accident, testified that Garner was not weaving, speeding, or driving in a careless manner. Their testimony also indicated that Garner turned to his right in an attempt to avoid hitting Uhrenic. Garner did not testify at the preliminary hearing.

At the conclusion of the hearing, the trial court dismissed the charge of vehicular homicide because it found that the speed at which Garner was driving, not his intoxication, was the proximate cause of the girl's death. The court said:

---

1. C.A.R. 4(b)(2) was amended effective August 1, 1988 to require appeals by the People to be filed in the court of appeals rather than in this court. The present case was filed prior to the effective date of the amendment of the rule.

2. The proceedings on the latter two counts were stayed pending resolution of this appeal.

In this case the court can find as I said earlier, that the negligent activity, speeding, in the light most favorable to the People, was a cause of death of the girl but I cannot find that the intoxication of the defendant had any impact upon that, either by evidence or judicial notice.

It is from this order that the People appeal.

### II.

The relevant portion of the vehicular homicide statute, section 18–3–106(1)(b)(I), 8B C.R.S. (1986), states as follows:

If a person operates or drives a motor vehicle while under the influence of any drug or intoxicant and such conduct is the proximate cause of the death of another, he commits vehicular homicide. This is a strict liability crime.

Section 18–3–106(2)(c), 8B C.R.S. (1986) provides that "[i]f there was at such time 0.10 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol." Here it is conceded that Garner was operating a vehicle while under the influence of an intoxicant at the time of the accident. The prosecution maintains that the trial court erred in narrowly interpreting the statutory language of "proximate cause" to require proof that intoxication rather than a defendant's conduct of driving while intoxicated was the proximate cause of the death. We agree.

We upheld the constitutionality of this statute in *People v. Rostad*, 669 P.2d 126 (Colo.1983), where we discussed at length the legislature's designation of this offense as a strict liability crime and its inclusion of the proximate cause requirement. We construed the statute as requiring that the prosecution prove "voluntary conduct, as defined by section 18–1–501(9), in the operation or driving of a motor vehicle...." *Id.* at 129. We held that the proximate cause element of the crime relates to a defendant's operation of a motor vehicle and is measured by an objective test. *Id.* at 128. "Voluntary act" is defined in relevant part in section 18–1–501(9), 8B C.R.S. (1986) as "an act performed consciously as a result of effort or determination...."

Thus, in order to obtain a conviction under this statute, the prosecution must prove that the defendant voluntarily drove while intoxicated and that his driving resulted in the victim's death.

There is no requirement under the current statute that the prosecution also prove that the defendant's driving was negligent. Whether Garner was speeding is not relevant under the statute. In this regard, the statute represents a significant departure from prior statutes which did require such proof. *See, e.g.,* § 40–2–10, 3 C.R.S. (1963) (vehicular homicide required driving under the influence "in a reckless, negligent or careless manner or with wanton or reckless disregard of human life"). The negligence elements were eliminated in 1971 and the present version of the statute was adopted in 1977. *See* ch. 121, section 1, § 40–3–106, 1971 Colo.Sess.Laws 388, 419 and ch. 224, section 1, § 18–3–106, 1977 Colo.Sess.Laws 959, 960–61. .The 1977 House Judiciary Committee hearings support this court's interpretation of the law in the *Rostad* case. There, the bill was explained as providing that "if a person voluntarily drives a car and is intoxicated and *that conduct, driving while intoxicated, is the proximate cause* of the death of another, then the person is guilty, under those circumstances, of vehicular homicide." Tape Recording of testimony before House Judiciary Committee on House Bill 1654, March 25, 1977, 51st General Assembly (emphasis added).

Based on *Rostad,* the language of the vehicular homicide statute and its legislative history, we conclude that the conduct at issue for purposes of proximate cause is the voluntary act of driving while intoxicated. The statute does not require evidence that the intoxication affected the driver's operation in a manner that results in a collision. The clear intent of the legislature is to punish and thereby to deter the conduct of voluntarily driving while intoxicated. Thus, the trial court erred in interpreting the proximate cause element of section 18–3–106(1)(b)(I) to require proof that the intoxication of the driver was the cause

of negligent conduct which resulted in the death of the victim.

## III.

We next consider whether the trial court abused its discretion in dismissing the vehicular homicide charge against Garner for lack of probable cause. We conclude that it did abuse its discretion.

 A preliminary hearing is held for the purpose of determining whether there is probable cause to believe that the defendant committed the crime charged. *People v. Pedrie,* 727 P.2d 859, 862 (Colo.1986); *White v. MacFarlane,* 713 P.2d 366, 369 (Colo.1986); *People v. Sabell,* 708 P.2d 463, 465 (Colo.1985). The evidence presented at the hearing must be sufficient to induce a person of ordinary prudence to entertain a reasonable belief that the defendant committed the crime charged. *Pedrie,* 727 P.2d at 862; *White,* 713 P.2d at 369. "The evidence must be viewed in a light most favorable to the prosecution and all potential inferences must be resolved in favor of the prosecution." *Pedrie,* 727 P.2d at 862. Evidence sufficient to support a conviction is not necessary. *White,* 713 P.2d at 369; *Sabell,* 708 P.2d at 465. A preliminary hearing ruling will be reversed only if the ruling is an abuse of discretion. *White,* 713 P.2d at 369.

To establish probable cause in this case, the prosecution was required only to present evidence that the defendant voluntarily drove while he was intoxicated, and that his vehicle struck and killed the victim. The evidence presented amply supports a finding of probable cause.

We note that there also was other evidence presented at the preliminary hearing which suggested that the proximate cause of the death was the victim's own act of running in front of the vehicle. Such conduct is not an independent intervening cause which negates a conclusion that the driver's conduct was the proximate cause of the collision unless the victim's conduct amounts to gross negligence. We recognized this principle in *People v. Gentry,* 738 P.2d 1188 (Colo.1987), which concerned

application of the same statute to a defense based on the victim's alleged negligence by stepping in front of the vehicle which struck him. We emphasized that "[t]o qualify as an intervening cause, an event must be unforeseeable and one in which the accused does not participate." *Id.* at 1190. Simple negligence on the part of the victim "is not, as a matter of law, an independent intervening cause." *Id. See also People v. Chopra,* — P.2d —, No. 88CA1797 (Colo.Ct.App. Oct. 12, 1989) (defendant's fatigue is not independent intervening cause relieving him of liability for vehicular homicide when defendant drove while intoxicated). Assuming there was a question as to whether the victim's conduct was gross negligence, probable cause still should have been found and that question decided by the jury under an instruction conforming to the *Gentry* requirements.

We reverse the order of dismissal and remand the case to the district court with directions to reinstate the vehicular homicide charge.