**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Ronald A. SCOTT, Defendant–Appellee.**

**No. 88SA167.**

Supreme Court of Colorado, En Banc.

Feb. 5, 1990.

---

Barney Iuppa, Dist. Atty., Fourth Judicial District, and David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Dennis Hartley, Dennis Hartley, P.C., Colorado Springs, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

This case involves a direct appeal by the People pursuant to section 16–12–102(1), 8A C.R.S. (1986),[1] of a trial court order dismissing the charge of perjury against the defendant Ronald A. Scott. At the conclusion of the preliminary hearing, the trial court found that there was no probable cause to believe that the alleged false testimony of Scott in a small claims trial was material as required to sustain a charge of perjury under section 18–8–502(1), 8B C.R.S. (1986), and therefore dismissed that charge.[2] Because we hold that the alleged false testimony was material to the small claims proceeding, we reverse the judgment of the trial court.

## I.

This case arises out of an agreement between the defendant Scott and a self-employed handyman named Bobby Lynn Finch. According to Finch's testimony at the preliminary hearing, in the Spring of 1987 Scott asked Finch to inspect the water pipes in one of Scott's El Paso County rental properties because there was a problem with the flow of water. Finch told Scott that replacing the pipes could improve the flow and Scott subsequently agreed to have Finch do the work.

Finch performed the work, initially billing Scott for $200 to cover the cost of materials and subsequently for an additional $841. When Scott declined to pay the bill, Finch brought an action in El Paso County small claims court. Scott filed a counterclaim and appeared to contest Finch's claim, asserting that the parties had agreed that Finch would perform the entire job for $200 and that Finch had been paid in full. According to Finch's testimony, Scott presented to the small claims court a document which he represented to be a proposal signed by Finch agreeing to perform all of the work for $200. Finch denied having signed the document, stating that it was a forgery. However, the court concluded that both parties had failed to bear the burden of proof as to their respective claims and counterclaims and therefore dismissed the action.

Finch subsequently compared the signature on the document which Scott offered to the small claims court with his signature on the summons which he had sent to Scott and concluded that the document's signature had been forged by tracing Finch's signature as it appeared on the summons. Finch contacted the district attorney's office and an investigation followed.

Detective Brian Grady of the Colorado Springs Police Department, who was assigned to the investigation, submitted a copy of the document and the summons to the Colorado Bureau of Investigation (CBI) for handwriting analysis. The CBI concluded, according to Grady's testimony at the preliminary hearing, that certain primers and overlays in the two documents were consistent with a tracing attempt.

1. This appeal was brought prior to the effective date of the July 7, 1988 amendment to C.A.R. 4(b)(2) requiring that an appeal of the People be brought in the Court of Appeals.

2. Section 18–8–502(1), 8B C.R.S. (1986), provides:

A person commits perjury in the first degree if in any official proceeding he knowingly makes a materially false statement, which he does not believe to be true, under an oath required or authorized by law.

Scott was subsequently arrested and charged with second degree forgery and first degree perjury.

A preliminary hearing was held to determine if there was probable cause to believe that Scott had committed the crimes charged. Following testimony by Finch and by Detective Grady, the trial court found there was probable cause to go forward with the prosecution of the forgery charge, but that there was not probable cause to go forward with the perjury charge, apparently because the court agreed with the defendant that the allegedly perjured statements were not "material." The People appealed that decision to this court.

## II.

■ The purpose of a preliminary hearing is to determine whether there is probable cause to believe the defendant has committed the crime with which he is charged. *Blevins v. Tihonovich*, 728 P.2d 732 (Colo.1986). To determine whether such probable cause exists, the court must consider whether the evidence is sufficient to induce a person of ordinary prudence and caution to reasonably believe that the defendant committed the crime charged. *People v. Taylor*, 655 P.2d 382 (Colo.1982). In considering the evidence offered at a preliminary hearing, the judge must view the evidence in a light most favorable to the prosecution and must resolve all conflicts and draw all inferences in favor of the prosecution. *Id.* Hearsay evidence, and other evidence which would be incompetent if offered at trial may comprise the bulk of the evidence offered at a preliminary hearing. *Blevins*, 728 P.2d at 734. The prosecution is not required to produce all or even the best evidence or witnesses at the preliminary hearing. *Id.*

The trial court was presented with a variety of testimony and evidence respecting the perjury charge here at issue. First, Finch testified as to the circumstances of the agreement to provide his plumbing services to Scott and he told of their subsequent dispute. He testified that Scott had agreed to pay him $15 an hour for the pipe work and that the agreement which Scott presented to the small claims court was a forgery. Finch testified further that Scott had represented to the court that the contract was genuine and that subsequently the court dismissed both parties' claims. Second, the police report prepared by Grady, included in the complaint, stated that the transcript of the small claims proceeding revealed that the small claims referee indicated to the parties that "it appeared that someone is being dishonest in this matter." Also, Grady testified that the CBI analysis indicated that certain features in the alleged forged signature were consistent with a tracing attempt.

■ In considering this evidence in a light most favorable to the prosecution, we conclude that probable cause existed to bind Scott over for trial on the perjury charge. A person commits first degree perjury if he, in an official proceeding, knowingly makes a materially false statement, which he does not believe to be true, under an oath required or authorized by law. § 18–8–502(1), 8B C.R.S. (1986). The only dispute here is whether the allegedly false statement was material. A false statement is material for purposes of section 18–8–502(1) if it could have affected the outcome of the official proceeding. § 18–8–501(1). The question of whether the alleged false statement is material is a question of law. *Id.*

If we credit Finch's testimony, as we must for purposes of this appeal, Scott lied to the small claims court when he said that the parties had agreed that Finch would provide his plumbing services for $200, and when he told the court that the document he presented to the court had been signed by Finch. Further, the police report prepared by Grady regarding the referee's statement that "someone is being dishonest" clearly indicates there is a strong likelihood that the referee considered this "dishonesty" in dismissing Finch's claim. Thus, the evidence does not support the trial court's conclusion that there was not probable cause to believe that Scott's testimony in the small claims court was material. Although the prosecutor did not

present any direct testimony specifically addressed to the question of materiality, under the circumstances she was under no obligation to do so. The clear inference drawn from the evidence presented by the prosecution, if believed, is that the allegedly false statement of Scott before the small claims court could have affected the outcome of the case.

For these reasons, we reverse the judgment of the district court and remand this case to that court with directions to reinstate the perjury charge against Scott.

ROVIRA, J., does not participate.