The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Brandon Lee CLARY, Defendant–Appellant.

No. 95CA1562.

Colorado Court of Appeals, Div. II.

Aug. 7, 1997.

Rehearing Denied Sept. 25, 1997.

Certiorari Denied Jan. 26, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Brandon L. Clary, appeals the judgment of conviction entered upon jury verdicts finding him guilty of vehicular homicide, vehicular assault, and reckless driving. He also challenges the sentence imposed. We affirm.

On July 28, 1994, defendant, while driving alone in his pickup truck, proceeded through an intersection and hit the passenger side of a car making a left turn from the opposite lane. Defendant told police that his brakes had failed when he attempted to stop for a yellow light, and that he had then changed lanes to avoid hitting a truck stopped in front of him.

Defendant was not seriously injured, but one of the two occupants in the other vehicle, a six-year-old girl, died from injuries sustained in the collision. The other occupant was seriously injured.

In addition to charges of driving a vehicle with inadequate brakes, defendant was charged with the offenses at issue here. An additional charge for driving without compulsory insurance was severed and later dismissed. This appeal followed.

## I.

Defendant first contends that the trial court erred by allowing a prosecution witness to refresh his recollection with a note made seven and a half months after an event and by refusing to grant a mistrial when the prosecution failed to provide him with a legible copy of that note. We disagree.

The record discloses that a prosecution witness who worked with defendant at an auto service shop testified that on July 27th, the night before the accident, defendant worked on his brakes at the shop. The witness stated that defendant's truck at that time was leaking fluids and that the brake pedal, when tested, had no pressure.

The witness further testified that defendant at that time told him a bungee cord was attached to the brake pedal because there was no brake pressure. The witness stated that he warned defendant that the truck was not safe and that he offered defendant a ride home.

On cross-examination, the witness was shown a copy of the shop's July 27th payroll record, which indicated that neither he nor defendant had worked that evening. The witness then admitted that he was mistaken as to the date.

On redirect, the witness was shown a copy of the shop's July 23rd payroll record, which indicated that both he and defendant had worked that evening. That document contained a handwritten notation stating that: "This is the night [defendant] brought his truck into the shop."

The trial court sustained defendant's objection as to the notation because it was not made contemporaneously with the document. However, the trial court stated that the notation could be used "as basis for refreshing the recollection of testimony."

The prosecutor then asked the witness not to disclose what the notation said, but to state whether he recognized the handwritten words and his signature. The witness acknowledged that he did. He explained that, about a month and a half before trial, he had looked at the payroll records to determine the exact evening he had worked with defendant before the accident. He made and signed the notation on the payroll record for the date so determined—July 23rd, not July 27th.

## A.

Defendant argues that use of the notation allowed the witness to bolster his testimony with hearsay which was not recorded at or near the time of the event and thus does not meet the requirements of the "past recollection recorded" exception. Because the trial court properly allowed use of the notation to refresh the witness' memory pursuant to CRE 612, we perceive no error.

Hearsay is a statement other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. CRE 801(c). Hearsay is not admissible except as provided by applicable rules and statutes. CRE 802.

A recorded recollection is not excluded by hearsay rules if:

it appears that the witness once had knowledge concerning the matter and; (A) can it identify the memorandum or record, (B) adequately recalls the making of it at or near the time of the event, either as recorded by the witness or by another, and (C) can testify to its accuracy. The memorandum or record may be read into evidence but may not itself be received unless offered by an adverse party.

CRE 803(5).

CRE 612 provides, in pertinent part, that:

If a witness uses a writing to refresh his memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if

the court in its discretion determines it is necessary in the interests of justice, an

adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing *in camera*, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal.

Here, a copy of the notation was provided to defense counsel, who had the opportunity to cross-examine the witness. The witness' prior inconsistent statements as to this issue were disclosed at trial. The notation was removed from the document and was neither read to the jury nor entered into evidence. The document was then admitted into evidence without objection.

■ Contrary to defendant's contention, CRE 803(5) does not apply to these circumstances. We agree with the trial court that the notation did not refresh the witness' memory so that he independently recalled the date of his conversation with defendant. It nevertheless refreshed his memory as to an "event" which occurred approximately six weeks before trial—his determination from the document of the date of his earlier conversation with defendant. Because it properly refreshed the witness' memory as to that "event," we conclude that, pursuant to CRE 612, the trial court did not err in allowing use of the notation to refresh the witness' memory.

### B.

Defendant claims that the prosecution failed to provide him with a legible copy of the notation on the July 23rd payroll record, that he was surprised by the witness' new testimony, and that he was denied the right effectively to cross-examine the witness as to this issue. As a result, he argues that a mistrial is warranted. We disagree.

■ The determination of whether to declare a mistrial is vested in the trial court's sound discretion, and its ruling should not be disturbed absent evidence that the trial court grossly abused this discretion. *Massey v. People*, 649 P.2d 1070 (Colo.1982).

■ The record indicates that the prosecution received copies of the July 23rd payroll record approximately one month before trial. The trial court found that, except for the signature, the notation on the July 23rd payroll record was legible and that both attorneys were thus on notice that the witness thought that was the night defendant brought his truck into the shop. These findings are supported by the record and, thus, will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Further, we agree with the trial court's conclusion that the notation did not present an issue of surprise. Hence, the trial court did not abuse its discretion in refusing to declare a mistrial as to this issue. *See Massey v. People, supra.*

### II.

Defendant next contends that the trial court erred by failing to require the prosecution to accept his offer to stipulate as to the identity of the victim and the cause of her death. We disagree.

The record indicates that the trial court initially granted defendant's motion *in limine* to exclude pictures of the victim, but reserved the right to reconsider the issue. The prosecution refused to accept defendant's proffered stipulations as to identity and cause of death, and the court did not require it.

At trial, an enlarged school photograph of the victim was admitted into evidence. An emergency room doctor, the coroner, and several persons who had witnessed the accident testified as to the accident, the injuries, and the cause of the victim's death.

Defendant argues that he was prejudiced by the photograph of the child-victim and by testimony relating to her injuries and cause of death because such evidence had a tendency to elicit sympathy from the jury.

Photographs offered to establish identity are not rendered inadmissible by a defense stipulation as to identity. *See People v. Viduya*, 703 P.2d 1281 (Colo.1985). Similarly, evidence of an element of the charged crime is not automatically rendered inadmissible by a defense stipulation as to that element. *See People v. Snyder*, 874 P.2d 1076 (Colo.1994).

If a defendant offers to stipulate to a fact and the prosecution's case is not thereby weakened, the trial court may, after employing the appropriate balancing test, require the prosecution to accept the stipulation. Here, defendant's proffered stipulations affect the probative value of evidence offered as relevant to the victim's identity and cause of death. *See Martin v. People*, 738 P.2d 789 (Colo.1987).

The critical inquiry in this case is whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. *See* CRE 403. Trial courts are accorded considerable discretion in making that determination. *People v. Ibarra*, 849 P.2d 33 (Colo.1993).

Here, the identity of the victim was a relevant issue. Cause of death was an element of the charged crime. The record does not indicate that the probative value of one school photograph and the testimony relating to cause of death were substantially outweighed by unfair prejudice or needless presentation of cumulative evidence.

Under such circumstances, we conclude that the trial court did not abuse its discretion in admitting the challenged evidence as to these issues. *See People v. Ibarra, supra.*

### III.

Defendant contends that his conviction for reckless driving must merge into his convictions for vehicular homicide and vehicular assault. He argues that reckless driving is established by a less serious risk of injury to the same interests involved in the greater charges and thus, under § 18–1–408(5), C.R.S. (1986 Repl.Vol. 8B), it is a lesser

included offense of both vehicular homicide and vehicular assault. We disagree.

A person commits vehicular homicide if he or she:

> operates or drives a motor vehicle in a reckless manner, and such conduct is the proximate cause of the death of another.

Section 18–3–106(1)(a), C.R.S. (1996 Cum. Supp.).

A person commits vehicular assault if he or she:

> operates or drives a motor vehicle in a reckless manner, and this conduct is the proximate cause of serious bodily injury to another.

Section 18–3–205(1)(a), C.R.S. (1996 Cum. Supp.).

A person acts "recklessly," as defined in these offenses under the criminal code, when he or she consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists. Section 18–1–501(8), C.R.S., (1986 Repl.Vol. 8B).

A person commits reckless driving if he or she:

> drives any motor vehicle ... in such a manner as to indicate either a wanton or a willful disregard for the safety of persons or property.

Section 42–4–1203(1), C.R.S. (1993 Repl.Vol. 17).

A defendant may not be convicted of two offenses if one offense is included in the other. Section 18–1–408(1)(a), C.R.S. (1986 Repl.Vol. 8B). An offense is included in another only in certain statutorily defined circumstances, including when

> it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest ... suffices to establish its commission.

Section 18–1–408(5)(c), C.R.S. (1986 Repl.Vol. 8B). Defendant does not assert that any statutory provision other than § 18–1–408(5)(c) may be applicable, and thus we limit our analysis accordingly.

Here, defendant's reckless operation of a motor vehicle proximately caused the death of one victim and injury to another. As a

result of these specific harms, he was charged and convicted of vehicular homicide and vehicular assault.

Because defendant drove with wanton and willful disregard for the safety of persons or property, he was also charged and convicted of reckless driving. This offense posed an additional risk of injury to other persons and property in the vicinity of the accident.

■ Contrary to defendant's contention, the charges for which he was charged and convicted each involve harm to different persons, property, and public interests. We thus conclude that defendant's reckless driving conviction does not merge into his convictions for vehicular homicide and vehicular assault under § 18–1–408(5)(c). *Cf. Daniels v. People,* 159 Colo. 190, 411 P.2d 316 (1966).

## IV.

Defendant contends that remand for resentencing is necessary because the trial court erroneously believed it was required to sentence him within the mandatory aggravated range. We disagree.

Defendant was convicted of vehicular homicide, a class four felony with a presumptive range sentence of two to six years, and vehicular assault, a class five felony with a presumptive range of one to three years. *See* §§ 18–3–106(1)(a), 18–3–205(1)(a), and 18–1–105(1)(a)(V)(A), C.R.S. (1996 Cum. Supp.).

Sentence to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony is required if:

The defendant was on probation or was on bond while awaiting sentencing following revocation of probation for another felony at the time of the commission of the felony.

Section 18–1–105(9)(a)(III), C.R.S. (1996 Cum.Supp.).

Sentence to a term of at least the minimum in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony is required if:

The defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted.

Section 18–1–105(9.5)(a), C.R.S. (1996 Cum. Supp.).

The record indicates that, at the time defendant committed the offenses for which he was convicted in this case (94CR2466), he was on bond pending sentencing in another case (93CR2833) and, when sentenced in that case, was scheduled to have probation revoked in yet another case (93CR1017).

At the sentencing hearing in this case, the trial court noted that defendant was on bond at the time he committed the offenses and that statutory aggravators applied. Defendant was then sentenced to the Department of Corrections as follows: 10 years for vehicular homicide; 5 years for vehicular assault; sentences to run consecutive to each other and to the sentence imposed in another case (95CR1750), but concurrent with 93CR1017 and 93CR2833. Sentences imposed for reckless driving and for driving with faulty brakes were ordered to be served concurrent with the sentences for vehicular homicide and vehicular assault.

Defendant contends that only the enhanced ranges (two to twelve years for vehicular homicide and one to six years for vehicular assault) applied and that the trial court erroneously applied the extraordinary aggravated ranges (four to twelve years and two to six years, respectively).

■ However, the record indicates that defendant was on bond in case 93CR2833, that defendant was on probation in case 93CR1017, and that defendant's probation was still in effect when he committed the offenses at issue here. *See People v. Clary,* P.2d (Colo.App. No. 95CA1564, July 17, 1997). We thus conclude that the trial court did not err in applying the aggravating factors set forth in § 18–1–105(9)(a)(III), C.R.S. (1996 Cum.Supp.).

The judgment and sentence are affirmed.

DAVIDSON and BRIGGS, JJ., concur.