The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lloyd Jean CRUTHERS, Defendant–Appellant.

No. 03CA2190.

Colorado Court of Appeals, Div. II.

June 30, 2005.

Rehearing Denied Sept. 1, 2005.

Certiorari Denied Dec. 5, 2005.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

WEBB, J.

Defendant, Lloyd Jean Cruthers, appeals the judgment of conviction entered on jury verdicts finding him guilty of vehicular assault, § 18–3–205(1)(b), C.R.S.2004, and driving under the influence of alcohol (DUI), § 42–4–1301(1)(a), C.R.S.2004. We affirm the vehicular assault conviction and vacate the DUI conviction.

According to the People's evidence, the victim was injured in an accident while a passenger on a motorcycle driven by defendant. At trial, defendant stipulated that the victim suffered serious bodily injury, but asserted that he was the passenger and the victim was driving when the accident occurred.

I.

Defendant first contends the trial court abused its discretion by denying his motion for a continuance. We disagree.

A trial court's decision to grant or deny a continuance is entitled to deference and may not be reversed on appeal absent a gross abuse of discretion. *People v. Fleming*, 900 P.2d 19 (Colo.1995). A defendant must demonstrate actual prejudice from be-

ing denied a continuance. *People v. Chambers,* 900 P.2d 1249 (Colo.App.1994) (defendant failed to show how further investigation would have improved his ability to counter adverse testimony).

Before trial, defendant sought a continuance to obtain the victim's medical records to determine whether serious bodily injury had occurred and to consult an accident reconstruction expert regarding who was driving the motorcycle at the time of the accident. The trial court denied the motion without explanation.

Defendant renewed his motion during voir dire because he had not yet received the medical records. The People responded that the records would be provided "in very short order," and the trial court denied the renewed motion. Before presenting his case, defendant told the court that he had reviewed the records and that he "would have to speculate" whether any information in them would be useful to determine who had been driving. Defendant did not request a continuance or a recess at that time.

On appeal, defendant argues that his accident reconstruction expert "express[ed] an interest in reviewing [the victim's] medical records from the accident for evidence that could be significant to the case" because he "was unable to opine who was driving the motorcycle based on the discovery, physical evidence and the defendant's medical records."

The medical records are not part of the record on appeal. Defendant does not articulate, based on the contents of those records, any actual prejudice he suffered from denial of a continuance. *See People v. Rodriguez,* 888 P.2d 278 (Colo.App.1994). Moreover, once he received the records, defendant did not request a continuance or a limited recess to allow his expert to review them.

Accordingly, we conclude the trial court did not abuse its discretion by denying defendant a continuance.

## II.

■ Defendant next contends the trial court erred by admitting the laboratory report of his blood alcohol content. We disagree.

Section 16–3–309(5), C.R.S.2004, states:

Any report or copy thereof or the findings of the criminalistics laboratory shall be received in evidence in any court, preliminary hearing, or grand jury proceeding in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person. Any party may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court, by notifying the witness and other party at least ten days before the date of such criminal trial.

■ Thus, the People may prove an element of the charge using a laboratory report either "by subpoenaing the [technician] and presenting her at trial, or by simply introducing the lab report." *People v. Mojica–Simental,* 73 P.3d 15, 18 (Colo.2003).

Here, the People indicated before trial that because defendant had not requested that the technician testify, they intended to introduce the laboratory report into evidence. Defendant did not respond.

During trial, the People offered the report into evidence through testimony of a police officer. Defendant objected that the report was hearsay because it constituted "an analysis performed by someone other than the witness." After the People cited § 16–3–309(5), the court overruled the objection based on the officer's testimony.

On appeal, defendant argues that the court erred because the People failed to establish a foundation that the report was prepared by "the criminalistics laboratory" as required under § 16–3–309(5). Even assuming that defendant preserved this objection, we are not persuaded.

Whether the laboratory met the statutory "criminalistics laboratory" requirement would be particularly within the knowledge of the technician who prepared the report. Thus, by failing to request that the technician testify at trial pursuant to § 16–3–309(5), defendant waived the objection that

the People were required to present foundation testimony concerning the nature of the laboratory that prepared the report. *See People v. Moses*, 64 P.3d 904, 908 (Colo.App. 2002) ("Forensic laboratory reports are admissible in criminal proceedings without establishing the usual foundation, absent a request that the technician be made available at trial.").

Moreover, here the People's pretrial notice to defendant obviated the potential for "constitutional difficulties" noted in *People v. Mojica–Simental, supra*, 73 P.3d at 20, "[i]f a defendant does not have actual notice of the requirements of the statute."

Hence, we need not address the trial court's different rationale for overruling the objection. *See Close v. People*, 48 P.3d 528 (Colo.2002).

Accordingly, we discern no error in admitting the laboratory report.

## III.

For the first time on appeal, defendant contends his DUI conviction must be vacated because it constitutes a lesser included offense of his vehicular assault conviction. We agree.

The Double Jeopardy Clauses of the United States and Colorado Constitutions bar multiple punishments for the same offense. *Meads v. People*, 78 P.3d 290 (Colo. 2003). We review an unpreserved double jeopardy challenge for plain error. *People v. Olson*, 921 P.2d 51 (Colo.App.1996). Plain error occurs only when the error so undermined the fundamental fairness of the trial that it creates serious doubt about the reliability of the conviction. *People v. Miller*, 113 P.3d 743 (Colo.2005).

Section 18–1–408(1)(a), C.R.S.2004, provides that a defendant may not be convicted of two offenses if one is included in the other. A lesser included offense "is established by proof of the same or less than all the facts required to establish the commission of the [greater] offense charged." Section 18–1–408(5)(a), C.R.S.2004; *see Meads v. People, supra; People v. Carlson*, 119 P.3d 491, 2004 WL 1211858 (Colo.App. No. 02CA1830, June 3, 2004).

To determine whether one offense is included in another, we apply a "strict elements test" to the elements of the statutes involved. *Meads v. People, supra.* When evidence establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense, then the lesser offense is included. However, when each offense requires proof of an additional element that the other does not, the strict elements test is not satisfied, and a presumption arises that the defendant can be convicted of both offenses. *Meads v. People, supra.*

The vehicular assault statute, § 18–3–205(1)(b), provides:

> If a person operates or drives a motor vehicle while under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, and this conduct is the proximate cause of a serious bodily injury to another, such person commits vehicular assault. This is a strict liability crime.

The DUI statute, § 42–4–1301(1)(a), states: "It is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, to drive any vehicle in this state." DUI is also a strict liability crime. *In re Kearns*, 991 P.2d 824 (Colo.1999).

Under the strict elements test, the elements of DUI must necessarily be proved to sustain a conviction for vehicular assault. Both statutes require proof that (1) a person drove a vehicle (2) under the influence of alcohol, drugs, or a combination of alcohol and drugs. *Cf. In re Kearns, supra* (acknowledging the trial court vacated a DUI conviction at sentencing as a lesser included offense of vehicular assault); *People v. Kearns*, 988 P.2d 189 (Colo.App.1999) (same).

The People's reliance on cases decided before the adoption of the strict elements test in *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974), is unpersuasive. *See People v. Olona*, 180 Colo. 299, 505 P.2d 372 (1973); *People v. Smith*, 182 Colo. 228, 512 P.2d 269 (1973); *Daniels v. People*, 159 Colo. 190, 411

P.2d 316 (1966). *People v. Clary,* 950 P.2d 654 (Colo.App.1997), also cited by the People, is inapposite because the defendant there was convicted of offenses involving separate victims.

Accordingly, we conclude the trial court committed plain error in entering judgment on defendant's DUI conviction because it constitutes a lesser included offense of his vehicular assault conviction.

The judgment of conviction for vehicular assault is affirmed, and the judgment of conviction for DUI is vacated.

Judge ROTHENBERG and Judge VOGT concur.