The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Mark Gus CARLSON, Defendant–Appellant.

No. 02CA1830.

Colorado Court of Appeals.

June 3, 2004.

Rehearing Denied July 15, 2004.

Certiorari Dismissed June 30, 2005.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elisabeth Hunt White, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Mark Gus Carlson, appeals the judgment of conviction entered on a jury verdict finding him guilty of aggravated driving after revocation prohibited (DARP) and driving under the influence (DUI). We affirm the conviction for aggravated DARP, vacate the conviction for DUI, and remand for correction of the mittimus.

Defendant was charged with aggravated DARP and DUI under §§ 42–2–206(1)(b)(I)(A) and 42–4–1301(1)(a), C.R.S. 2003. Before trial, defendant filed a motion for separate trials of the charges, which the

trial court denied. A jury convicted defendant of both counts; however, the court determined that the convictions on the two counts should merge for sentencing purposes. The court sentenced defendant to eighteen months in the custody of the Department of Corrections on the aggravated DARP charge. However, the mittimus also reflects a conviction on the DUI count.

## I.

■ Defendant first contends that the trial court erred in denying his motion for separate trials of the charges against him. Specifically, he argues that the DUI charge should have been tried before the DARP charge to prevent the jury from convicting him of the DUI charge based on improper consideration of the evidence that he had been designated a habitual traffic offender. We decline to consider the merits of defendant's contention.

■ A motion for severance of counts is generally addressed to the sound discretion of the trial court, and its decision will be reversed only upon a showing of abuse of discretion. To obtain appellate review of a trial court's denial of a motion for severance, however, the defendant must renew the motion during the trial, or he or she will be deemed to have waived any objection. *People v. Aalbu*, 696 P.2d 796, 806 (Colo.1985)(citing *People v. Peterson*, 656 P.2d 1301 (Colo.1983)); *cf. People v. Gross*, 39 P.3d 1279 (Colo.App.2001)(addressing denial of defendant's pretrial motion to sever where prosecution had moved to consolidate indictments, reasoning that defendant had not been the moving party and did not have the burden of proof).

■ Here, defendant filed his pretrial motion pursuant to Crim. P. 14, but did not renew it during the trial. Accordingly, he waived his right to challenge the trial court's denial of his motion. Defendant nevertheless asserts that *People v. Aalbu, supra,* and the other cases finding waiver are not applicable here because he sought to bifurcate, not sever, the trial of the DUI and aggravated DARP counts. He asserts that his situation is analogous to a trial of habitual criminal charges, where bifurcation is necessary to avoid the inherent prejudice of notifying the jury of prior criminal convictions. We are not persuaded by this asserted distinction.

■ In addition to preventing the impermissible inference that a defendant committed the crime charged because he or she had been previously convicted of other crimes, the purpose of bifurcation in habitual criminal cases is to remedy the impermissible burden that would be placed on the defendant's constitutional right to testify in his or her own defense. *See People v. Chavez*, 621 P.2d 1362, 1366–67 (Colo.1981). Here, defendant's request to bifurcate the charges did not implicate distinct phases of a trial, such as guilt and punishment or guilt and sanity. *See Black's Law Dictionary* 1510 (7th ed.1999)(defining bifurcated trial). Indeed, under § 42–2–206(1)(b)(I)(A), proof that the defendant was driving under the influence of alcohol under § 42–4–1301(1)(a) is an element of the substantive felony count of aggravated DARP. Moreover, defendant's right to testify in his own defense is not implicated by trying these charges together.

Therefore, we decline to consider the merits of the argument.

## II.

■ Defendant contends that, in keeping with the state and federal Due Process Clauses and Colorado law, his conviction for DUI must merge with his conviction for aggravated DARP. We agree that merger is required.

Section 42–2–206(1)(b)(I) provides, in pertinent part:

A person commits the crime of aggravated driving with a revoked license if he or she is found to be an habitual offender and thereafter operates a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect and, as a part of the same criminal episode, also commits any of the following offenses:

(A) Driving under the influence, as described in section 42–4–1301(1)(a). . . .

A defendant may be convicted of multiple offenses arising out of a single transaction if he or she has violated more than one statute. Section 18–1–408(1)(a), C.R.S.2003; *Armintrout v. People*, 864 P.2d 576 (Colo.1993); *see also People v. Garcia*, 940 P.2d 357 (Colo. 1997); *People v. Ramirez*, 18 P.3d 822 (Colo. App.2000).

However, § 18–1–408(1)(a) and merger principles preclude convictions for more than one offense if one offense is a lesser included offense of another crime for which the defendant has also been convicted in the same prosecution. *People v. Leske*, 957 P.2d 1030 (Colo.1998). An offense is lesser included for purposes of merger when proof of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser offense. Section 18–1–408(5), C.R.S.2003; *Boulies v. People*, 770 P.2d 1274 (Colo.1989).

To determine whether one offense is included in another, we compare the elements of the statutes involved and not the evidence at trial. Under this test, if proof of the facts establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense, the lesser offense is included for the purposes of § 18–1–408. If, however, each offense necessarily requires proof of at least one additional fact that the other does not, the strict elements test is not satisfied, and a presumption arises that convictions for both offenses are consistent with legislative intent. *People v. Leske*, *supra*; *Armintrout v. People*, *supra*; *People v. Ramirez*, *supra*.

Under this test, proof of the facts establishing the statutory elements of aggravated DARP as charged here necessarily establishes all the elements of DUI because the offense of aggravated DARP under § 42–2–206(1)(b)(I) requires proof of DUI as an element. In other words, the elements of DUI must be proved to sustain a conviction for aggravated DARP as it was charged and instructed in this case. *Cf. People v. Henderson*, 810 P.2d 1058 (Colo.1991)(a sen-

tence enhancer is different from an element of an offense; if a conviction does not depend upon proof of a particular factor, that factor is a sentence enhancer, not an element). Correspondingly, while aggravated DARP necessarily requires proof of at least one additional fact that DUI does not, such as a previous revocation of a driver's license and habitual traffic offender status, nevertheless, DUI does not require proof of at least one additional fact beyond what aggravated DARP requires. Accordingly, DUI is a lesser included offense of aggravated DARP as charged here under § 42–2–206(1)(b)(I)(A).

Here, defendant is not being punished twice for the same offense because the court merged the aggravated DARP and DUI convictions for sentencing purposes. Nevertheless, the mittimus reflects two convictions, one for aggravated DARP and one for DUI for the same incident. Defendant may not be convicted of both offenses under statutory and common law merger principles.

Accordingly, we must vacate the DUI conviction, and on remand, the trial court must amend the mittimus to delete it.

The judgment of conviction for aggravated DARP is affirmed. The judgment of conviction for DUI is vacated, and the case is remanded to the trial court for correction of the mittimus.

Chief Judge DAVIDSON and Judge PLANK* concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.