**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ronald Brett GRASSI, Defendant–Appellant.**

**No. 05CA1051.**

Colorado Court of Appeals,
Div. IV.

May 1, 2008.

Rehearing Denied Aug. 7, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TERRY.

In this appeal, we consider whether probable cause must exist before blood can be drawn from an unconscious vehicular homicide suspect, and conclude that it must. We also address the proximate cause jury instruction given in defendant's trial. Finally, we conclude that driving under the influence (DUI) is a lesser included offense of vehicular homicide.

Defendant, Ronald Brett Grassi, appeals the judgment of conviction entered upon jury verdicts finding him guilty of vehicular homicide, manslaughter, driving under the influence of alcohol or drugs, and driving with excessive blood alcohol content (BAC). We remand for further proceedings.

## I.

The prosecution's evidence at trial showed that defendant, while driving a motor vehicle, was involved in a single-car accident which resulted in the death of his passenger (the victim). When paramedics arrived on the

scene, they found defendant in a ravine and the victim still strapped into the car's passenger seat. Defendant suffered serious injuries and was transported to the hospital before police arrived.

When a state trooper arrived at the hospital and learned that defendant was unconscious, he gave an attending nurse a blood draw kit and instructed her to take samples of defendant's blood. The result of the blood tests indicated that defendant's BAC was 0.163 grams of alcohol per 100 milliliters of blood.

## II.

Defendant contends that the trial court erroneously denied his motion to suppress the BAC evidence. He argues that the court erred in ruling that section 42–4–1301.1(8), C.R.S.2007, did not require police to have probable cause before his blood was drawn to test his BAC. In reliance on this ruling, the prosecution did not present evidence at the motions hearing to establish probable cause. We agree that the court's interpretation of the statute was erroneous.

■■■ Resolution of this issue requires interpretation of section 42–4–1301.1, commonly referred to as the express consent statute, and we therefore review the court's ruling de novo. *Hendricks v. People*, 10 P.3d 1231, 1235 (Colo.2000). When construing a statute, our primary purpose is to ascertain and effectuate the intent of the General Assembly. *People v. Weiss*, 133 P.3d 1180, 1184 (Colo. 2006). We look first to the plain and ordinary meaning of the statutory language to determine legislative intent, and if the statutory language is clear and unambiguous, we apply the provision as written. *Turbyne v. People*, 151 P.3d 563, 567 (Colo.2007). A statute should be interpreted to give consistent, harmonious, and sensible effect to all of its parts. *People v. Stewart*, 55 P.3d 107, 115 (Colo.2002).

Section 42–4–1301.1, C.R.S.2007, provides in pertinent part:

(1) Any person who drives any motor vehicle upon the streets and highways ... throughout this state shall be deemed to

have expressed such person's consent to the provisions of this section.

(2)(a)(I) A person who drives a motor vehicle upon the streets and highways ... shall be required to take and complete, and to cooperate in the taking and completing of, any test or tests of the person's breath or blood for the purpose of determining the alcoholic content of the person's blood or breath when so requested and directed by a law enforcement officer having probable cause to believe that the person was driving a motor vehicle in violation of the prohibitions against DUI [or similar crimes]. . . .

...

(8) Any person who is dead or unconscious shall be tested to determine the alcohol or drug content of the person's blood or any drug content within such person's system as provided in this section.

■ To interpret subsection (8) as allowing police to test the blood of any person found to be unconscious at a traffic accident, without regard to probable cause, would read out of the statute the language requiring that testing be done "as provided in" section 42–4–1301.1. Subsection (2)(a)(I) requires an officer to have probable cause prior to conducting a test. *See Gallion v. Colo. Dep't of Revenue*, 171 P.3d 217, 220 (Colo.2007). Therefore, the plain language incorporates this requirement into subsection (8). *See People v. Guenther*, 740 P.2d 971, 976 (Colo. 1987) (it is presumed that the legislature understands the import of the words it uses and is deliberate in its choice of language).

Accordingly, we conclude that the trial court erred when it determined that probable cause was not required for collection of defendant's blood. Because the prosecution, relying on the court's erroneous ruling, did not present evidence with regard to probable cause, we conclude that remand is necessary for the court to conduct a hearing on that issue.

If the trial court determines that the police, prior to obtaining the blood draw, had probable cause to believe defendant had been driving a motor vehicle in violation of any of the laws enumerated in subsection (2)(a)(I), then his conviction shall stand affirmed, sub-

ject to defendant's right to appeal the court's finding of probable cause. If the court determines the police did not have probable cause, then defendant's conviction shall be reversed, and the court shall conduct a new trial without admission of the blood test results, *see Turbyne,* 151 P.3d at 567, subject, however, to the People's right to take an interlocutory appeal of the court's ruling on probable cause under C.A.R. 4.1 and section 16–12–102(2), C.R.S.2007.

### III.

Because it may arise on remand, we next address defendant's contention that the trial court's instruction to the jury defining proximate cause as used in the vehicular homicide instruction was erroneous. We perceive no error.

■ At trial, defendant testified that on the night of the accident, he ingested cocaine, beer, and tequila, and then voluntarily drove more than thirty miles to take the victim to her friend's house. However, he also testified that the victim caused the accident, because she grabbed and turned the steering wheel.

The trial court's vehicular homicide instruction to the jury stated:

The elements of the crime of Vehicular Homicide are:

1. That the defendant,

2. in the State of Colorado, at or about the date and place charged,

3. operated or drove a motor vehicle,

4. while under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, and

5. such conduct is the proximate cause,

6. of the death of another

7. without the affirmative defense [of independent intervening cause].

This instruction tracked the language of the statute and the model jury instruction, and was not erroneous. *See* § 18–3–106(1)(b)(I), C.R.S.2007; CJI–Crim. 9:10 (1983).

The court also instructed the jury on the definition of "proximate cause" as follows:

"Proximate Cause" . . . means a cause which in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have been sustained. *For purpose* [sic] *of the strict liability crime of Vehicular Homicide "proximate cause" means the voluntary act of driving while intoxicated.* The prosecution is not required to prove that the intoxication affected the driver's operation in a manner that results in a collision. There can be more than one proximate cause of the victim's death, and defendant's conduct does not have to be the only, nearest, or last cause of death. One's conduct is not a "proximate cause" of another's injuries, however, if, in order to bring about such injuries, it was necessary that his or her conduct combine with or join with an "intervening cause" which also contributed to the injuries.

(Emphasis added.)

Defendant objected to this latter instruction. In rejecting defendant's challenge, the court noted that the instruction was an amalgam of both the civil and criminal jury instructions on proximate cause. This amalgamation was done to accommodate defendant's defense that his conduct was not the proximate cause of the accident or the victim's resulting death, but that the victim's actions had been the intervening cause of both. *See People v. Gentry,* 738 P.2d 1188, 1190 (Colo.1987) (to warrant a conviction for vehicular homicide the victim's death must be the natural and probable consequence of the unlawful act, i.e., driving a motor vehicle after consuming alcohol, and not the result of an independent intervening cause in which the accused does not participate, and which he could not foresee).

Defendant argues that the instruction erroneously included the following sentence: "For purpose [sic] of the strict liability crime of Vehicular Homicide 'proximate cause' means the voluntary act of driving while intoxicated." He contends that it (1) collapsed two of the elements of the crime of

vehicular homicide, thereby lowering the prosecution's burden of proof; and (2) made it impossible for him to present his defense of intervening cause.

When a defendant objects to a jury instruction, we review for harmless error. *People v. Garcia*, 28 P.3d 340, 344 (Colo. 2001); *People v. Gordon*, 160 P.3d 284, 288 (Colo.App.2007).

The record shows that the sentence in question was intended to comport with the holding of *People v. Garner*, 781 P.2d 87, 89 (Colo.1989). There, the supreme court stated that, in order to obtain a conviction under the vehicular homicide statute,

> the prosecution must prove that the defendant voluntarily drove while intoxicated and that his driving resulted in the victim's death....
>
> ... [T]he conduct at issue for purposes of proximate cause is the voluntary act of driving while intoxicated. The statute does not require evidence that the intoxication affected the driver's operation of the vehicle in a manner that results in a collision.

*Id.*

Here, the instruction could have been better phrased to more closely comport with the language of *Garner*. Acceptable language would include, for example, "For purposes of proximate cause, the conduct at issue is the voluntary act of driving while intoxicated"; or "Proximate cause is established by the voluntary act of driving while intoxicated." However, the language used in the instruction is sufficiently coextensive with the holding of *Garner* that it was not erroneous.

Moreover, the jury instructions as a whole correctly informed the jury of the elements of the charge, the prosecution's burden of proof, and defendant's theory of defense. *See* § 18–3–106(1)(b)(I); CJI–Crim. 9:10; *People v. Silva*, 987 P.2d 909, 915 (Colo.App. 1999) (jury instructions must be considered as a whole); see *also People v. Prieto*, 124 P.3d 842, 847 (Colo.App.2005) (discussing the meaning of proximate cause in the context of a vehicular homicide prosecution). Furthermore, in the prosecution's closing argument, it did not stray from the proximate cause requirement set forth in Garner. *See People v. Manzanares*, 942 P.2d 1235, 1241 (Colo. App.1996) (in closing arguments, prosecutor did not refer to erroneous jury instruction).

We therefore conclude the trial court did not err in giving the proximate cause jury instruction.

IV.

Finally, defendant contends, and the People concede, that his DUI conviction is a lesser included offense of vehicular homicide. We agree.

A lesser offense is included within a greater offense if proof of the facts establishing the statutory elements of the greater offense necessarily establish all the elements of the lesser offense. *People v. Leske*, 957 P.2d 1030, 1036 (Colo.1998); § 18–1–408(1)(a), C.R.S.2007. Here, proof of vehicular homicide under section 18–3–106(1)(b)(I) required proof that defendant operated a vehicle while under the influence of alcohol or drugs, or a combination thereof. Because proof of that offense would necessarily prove the elements of DUI under section 42–4–1301(1)(a), C.R.S.2007, DUI is a lesser included offense of vehicular homicide under 18–3–106(1)(b)(I). *Cf. People v. Lucero*, 985 P.2d 87, 91 (Colo.App.1999) (any error in failing to instruct jury on DUI as lesser included offense of vehicular homicide based on DUI was harmless).

Thus, if defendant's conviction is affirmed on remand or if he is again convicted of the same offenses following a new trial, his DUI conviction should merge into the vehicular homicide conviction. *See People v. Cruthers*, 124 P.3d 887, 891 (Colo.App.2005).

The case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge WEBB concur.