JUDGE WEBB, concurring in part and dissenting in part.
¶ 97 With the exception of section II, I concur. For the following reasons, I respectfully dissent from that section.
¶ 98 Defendant's opening brief contended that his DUI conviction merged, citing People v. Grassi, 192 P.3d 496 (Colo.App.2008), and People v. Cruthers, 124 P.3d 887 (Colo.App.2005), but without making further argument. The Attorney General agreed. As a consequence, defendant's reply brief included no additional argument. Thus, as a practical matter, the merger question has not been briefed.
¶ 99 Nevertheless, the majority decides it, contrary to Grassi, Cruthers, and the Attorney General's position. The analysis relies on authority not provided by the parties. The holding presents the sole publishable issue.
¶ 100 The majority correctly states "[n]or are we bound by the People's concessions regarding the interpretation of the law," citing People v. Zubiate, 2013 COA 69, ¶ 22, 411 P.3d 757, 2013 WL 1909126. However, after stating this principle, the Zubiate division added, "We elect to do so here." Id . (Emphasis added.) Here, I perceive no compelling reason to take up an issue that the Attorney General has conceded, based on published decisions from other divisions of this court.