2013 COA 152

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ruben Charles SMOOTS, Defendant–Appellant.**

**Court of Appeals No. 11CA2381**

Colorado Court of Appeals,
Div. V.

Announced November 21, 2013

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Ryann S. Hardman, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE GRAHAM

¶ 1 Defendant, Ruben Charles Smoots, appeals the judgment of conviction entered on three jury verdicts finding him guilty of vehicular assault—DUI, DUI, and DUI per se. We affirm the convictions for vehicular assault and DUI per se. We vacate the DUI conviction.

¶ 2 According to the People's evidence, defendant was driving a vehicle east on a two lane highway while the victim was driving west bound. Defendant swerved into the

victim's lane, striking the victim's vehicle. The victim suffered serious injuries.

¶ 3 Defendant's blood alcohol level shortly after the collision was .346. Defendant did not dispute that he was intoxicated at the time. Instead, he argued that he was not guilty of vehicular assault because the physical evidence did not support the victim's version of the facts and because he (defendant) was not the proximate cause of the victim's injuries.

## I. Instructional Error

¶ 4 Defendant first contends that the trial court improperly charged the jury with erroneous jury instructions. We are not persuaded.

¶ 5 "We review jury instructions de novo to determine whether the instructions as a whole accurately informed the jury of the governing law." *People v. Lucas*, 232 P.3d 155, 162 (Colo.App.2009). Where the defendant objects to a jury instruction at trial, as was the case here, we apply a harmless error standard. *People v. Grassi*, 192 P.3d 496, 500 (Colo.App.2008). When we discern error, we will reverse only where the error affects a substantial right of the defendant. *People v. Garcia*, 28 P.3d 340, 344 (Colo. 2001).

 ¶ 6 Defendant argues that an instruction inaccurately defined proximate cause and thus lowered the prosecution's burden of proof. The prosecution's burden in proving vehicular assault—DUI is to establish that the defendant "operate[d] or [drove] a motor vehicle while under the influence of alcohol . . . and this conduct [was] the proximate cause of a serious bodily injury to another." § 18–3–205(1)(b)(I), C.R.S.2013. Because vehicular assault is a strict liability crime, the prosecution's burden is to prove only that the "defendant voluntarily drove while intoxicated and that his driving resulted in the victim's [serious bodily injury]." *People v. Garner*, 781 P.2d 87, 89 (Colo.1989). Thus, "fault" is not relevant in determining whether an intoxicated driver causes an accident resulting in serious bodily injury to another.

¶ 7 Here, the trial court instructed the jury that "[f]or the purposes of the strict liability crime of Vehicular Assault, 'proximate cause' is established by the voluntary act of driving under the influence of alcohol." This instruction appears to be based in part upon *Grassi*, 192 P.3d at 500 (suggesting as acceptable language "Proximate cause is established by the voluntary act of driving while intoxicated."). Defendant claims that this instruction was erroneous because it diminished the People's burden to prove that his conduct resulted in the victim's injury. However, defendant conceded at trial that he was intoxicated at the time of the accident, that he was driving one of the vehicles involved in the collision, and that the victim was injured in the accident. Against these facts, and reading all of the instructions as a whole, we cannot say that the trial court erred in giving this instruction. Although the instruction could have been clearer, the jury instructions as a whole correctly informed the jury of the elements of the charge, the People's burden of proof, and the theory of defense advanced by defendant.

¶ 8 Defendant also contends that the trial court should have given his tendered instruction on intervening cause.

 ¶ 9 An intervening cause defense is treated as an affirmative defense for the purpose of determining the amount of evidence necessary to submit the defense to the jury. *People v. Reynolds*, 252 P.3d 1128, 1131 (Colo.App.2010). A defendant is therefore entitled to an affirmative defense instruction if he presents "some credible evidence" on the issue addressed in the instruction. *People v. Garcia*, 113 P.3d 775, 783–84 (Colo.2005); *Reynolds*, 252 P.3d at 1131.

 ¶ 10 Actions qualify as intervening causes if they are unforeseeable. *People v. Stewart*, 55 P.3d 107, 121 (Colo.2002). Negligence of another is foreseeable and will not constitute an intervening cause. *Id.* However, "[g]ross negligence . . . is unforeseeable behavior that may serve as an intervening cause." *Id.* Gross negligence is abnormal human behavior that constitutes "an extreme departure from the ordinary standard of care." *People v. Lopez*, 97 P.3d 277, 282 (Colo.App.2004).

¶ 11 Here, defendant requested an intervening cause instruction on the basis that the physical evidence did not entirely support the victim's testimony that defendant first swerved into his lane. When viewed in the light most favorable to defendant, the evidence might suggest that it was the victim, not defendant, who swerved into the wrong lane prior to the accident. However, even in this light, the victim's actions would not constitute abnormal human behavior sufficient for a finding of gross negligence. *See id.* (driver's decision to turn in front of an approaching car was negligent, and a driving error, but not abnormal human behavior). Thus, we conclude the trial court did not abuse its discretion in ruling that defendant was not entitled to an intervening cause instruction.

¶ 12 Because we discern no error in the instructions, we necessarily reject defendant's additional argument that there was cumulative instructional error.

## II. Multiplicity

¶ 13 We agree with defendant that his DUI conviction should be vacated because it constitutes a lesser included offense of his vehicular assault—DUI conviction.

¶ 14 The Double Jeopardy Clauses of the United States and Colorado Constitutions bar multiple punishments for the same offense. *Meads v. People,* 78 P.3d 290, 293 (Colo.2003); *People v. Cruthers,* 124 P.3d 887, 890 (Colo.App.2005). We review an unpreserved double jeopardy challenge for plain error. *Cruthers,* 124 P.3d at 890. Thus, we will reverse only if the error so undermined the fundamental fairness of the trial that it creates a serious doubt about the reliability of the conviction. *Id.* (citing *People v. Miller,* 113 P.3d 743 (Colo.2005)).

¶ 15 We reject the People's contention that defendant failed to preserve his claim for review because he did not raise an objection to being charged twice for the same conduct pursuant to Crim. P. 12(b) prior to trial. Their citation to federal cases to the effect that a defendant failing to raise such objections waives defects in the information or indictment is not persuasive. Indeed, the People acknowledge that divisions of this court have held that unpreserved multiplicity claims are reviewable for plain error. *See, e.g., People v. Zadra,* 2013 COA 140, ¶70, 396 P.3d 34, 2013 WL 5761415; *People v. Herron,* 251 P.3d 1190, 1193 (Colo.App.2010); *People v. Vigil,* 251 P.3d 442, 448 (Colo.App. 2010); *People v. Tillery,* 231 P.3d 36, 47–48 (Colo.App.2009), *aff'd sub nom. People v. Simon,* 266 P.3d 1099 (Colo.2011).

¶ 16 Section 18–1–408(1)(a), C.R.S.2013, bars conviction for two offenses if one is included in the other. One establishes such a lesser included offense by showing that proof of the same or less than all of the facts required to establish commission of the greater offense will also establish commission of the lesser offense. *Cruthers,* 124 P.3d at 890. We apply a strict elements test to determine whether one offense is included in another. *Meads,* 78 P.3d at 297. "When applying a strict elements test, courts should not examine the facts or evidence of the individual case, but should limit their comparison to the language of the statutory elements of the two offenses." *Id.*

¶ 17 An offense is committed under the vehicular assault statute, "[if] a person operates or drives a motor vehicle while under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, and this conduct is the proximate cause of a serious bodily injury to another." § 18–3–205(1)(b)(I). That section further provides that a violation of the statutes constitutes a "strict liability crime." *Id.*

¶ 18 The DUI statute provides that "[i]t is a misdemeanor for any person who is under the influence of alcohol ... to drive a motor vehicle or vehicle." § 42–4–1301(1)(a), C.R.S.2013. DUI is also a strict liability crime. *Id.*

¶ 19 Divisions of this court have previously concluded that under the strict elements test, commission of an offense under the vehicular homicide and vehicular assault statutes includes all the necessary elements to constitute an offense under the DUI statute. *Grassi,* 192 P.3d at 500; *Cruthers,* 124 P.3d at 890. We are persuaded by the analysis in these decisions and follow them here.

¶ 20 We do not accept the invitation of the People to follow the analysis of the division in *People v. Zweygardt,* 2012 COA 119, ¶13, 298 P.3d 1018, 1021. *Zweygardt* determined that careless driving was not a lesser included offense of vehicular assault. We are not obligated to follow the precedent established by another division, even though we give such decisions considerable deference. *See In re Estate of Becker,* 32 P.3d 557, 563 (Colo.App.2000), *aff'd sub nom. In re Estate of DeWitt,* 54 P.3d 849 (Colo.2002).

¶ 21 The People argue that the Criminal Code includes a broader definition of "motor vehicle" for purposes of establishing vehicular assault. This broader definition could include driving a boat or plane, whereas the DUI statute contemplates driving a car or truck on the highway. While that may be true, driving an automobile certainly satisfies the elements of both statutes and here there was no question that defendant's vehicle was an automobile. This assessment is inconsistent with *People v. Medrano–Bustamante,* 2013 COA 139, ¶¶15–16, —— P.3d ——, 2013 WL 5760988 (concluding that DUI is not a lesser included offense of vehicular homicide—DUI or vehicular assault—DUI), but, as noted above, we are not bound by the decisions of other divisions of this court. *See People v. Thomas,* 195 P.3d 1162, 1164 (Colo. App.2008) (one division of this court is not bound by the decision of another division).

¶ 22 The People also argue that vehicular assault is committed where a defendant drives or "operates" a motor vehicle, whereas a DUI offender must drive a motor vehicle. We disagree that these distinctions require a different analysis under the strict elements test. Again, the act of driving satisfies both statutes and here there is no disagreement that defendant was driving.

¶ 23 As we understand the People's argument, a person could drive or operate various types of vehicles, boats, or planes on roads, over water, or in the air, and violate the vehicular assault statute. But only driving a motor vehicle on the highway satisfies the elements of the DUI statute. We agree that, hypothetically, one could violate the vehicular assault statute by driving a speedboat under the influence of alcohol and proximately causing serious injuries to a swimmer or another boater. However, the question before us is whether all or less than all of the elements of the greater offense would necessarily constitute the violation of the lesser offense. Driving a car would certainly satisfy a necessary element of the vehicular assault statute; indeed, the act of driving a car satisfies an element common to both statutes. We are not persuaded that operating a car would somehow exclude the process of driving it. And driving under the influence of alcohol satisfies an element of both the vehicular assault and DUI statutes.

¶ 24 Accordingly, we reject the People's argument and conclude that the conviction for vehicular assault in this case necessarily included the conviction for DUI.

¶ 25 The judgment is vacated as to defendant's conviction for DUI. The judgment is affirmed in all other respects.

JUDGE FURMAN specially concurs.

JUDGE MILLER concurs in part and dissents in part.

JUDGE FURMAN specially concurring.

¶ 26 I concur in the judgment. I write separately, however, because I think the strict elements test that was applied in *Boulies v. People,* 770 P.2d 1274, 1278–81 (Colo. 1989), is more appropriate for a case involving a greater offense statute that provides alternative bases for prosecution. In contrast, the strict elements test that was applied in *Meads v. People,* 78 P.3d 290, 294–95 (Colo.2003), is more appropriate for a case involving a greater offense statute that provides only a single basis for prosecution.

¶ 27 The court in *Boulies* determined it was necessary to analyze "the charges actually brought" before comparing the statutory elements of the offenses. 770 P.2d at 1280. I think that analyzing the charges actually brought before conducting the strict elements test makes more sense in the current case because, in the vehicular assault—DUI statute, the legislature has defined alternative ways of committing the offense. *See* § 18–3–205(1)(b)(I), C.R.S.2013; *People v. Stewart,* 55 P.3d 107, 115 (Colo.2002) (distin-

guished between the terms "drive" and "operate" in vehicular assault–DUI statute).

¶ 28 Moreover, our supreme court has determined that it may be appropriate to analyze the charges actually brought before conducting the strict elements test in cases other than those involving felony murders. *See, e.g., People v. Harlan*, 8 P.3d 448, 478 (Colo.2000) (in a case involving kidnapping, attempted first degree murder, and first degree murder, the court held that it may "consider the charging documents ... to determine if an offense is lesser included"), *overruled on other grounds by People v. Miller*, 113 P.3d 743, 748 (Colo.2005); *People v. Leske*, 957 P.2d 1030, 1046 n. 8 (Colo.1998) (in a case involving, among other things, sexual assault on a child, the application of the strict elements test "may properly involve an examination of the charging documents").

¶ 29 It was undisputed that the charges actually brought in this case alleged Smoots, while under the influence of alcohol, was *driving* a motor vehicle that struck the victim's vehicle. Thus, I have no hesitation in concluding the DUI statute, section 42–4–1301(1)(a), C.R.S.2013, is a lesser included offense of the vehicular assault—DUI statute, section 18–3–205(1)(b)(I). *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("As is invariably true of a greater and lesser included offense, the lesser offense ... requires no proof beyond that which is required for conviction of the greater [offense].").

JUDGE MILLER concurring in part and dissenting in part.

¶ 30 I concur entirely with part I of the majority opinion, and I agree with the majority's initial conclusion in part II that we may properly review defendant's unpreserved multiplicity or double jeopardy claim for plain error. But I respectfully dissent from the remainder of part II for the reason that, in my view, the two offenses at issue do not meet the requirements of the strict elements test. This is because proof of facts establishing the statutory elements of vehicular assault—DUI does not necessarily establish all

of the elements of DUI. I would therefore affirm defendant's DUI conviction.

¶ 31 As the majority explained, the Double Jeopardy Clauses of the United States and Colorado Constitutions bar multiple punishments for the same offense. *Meads v. People*, 78 P.3d 290, 293 (Colo.2003). Specifically, a defendant may not be convicted for two offenses arising from the same conduct where one is included in the other. *Id.* Colorado courts apply a "strict elements test" to determine if a crime is a lesser included offense of another crime. *Id.* at 293–94; *People v. Zweygardt*, 2012 COA 119, ¶13, 298 P.3d 1018, 1021. Under this test, "if proof of facts establishing the statutory elements of the greater offense *necessarily* establishes all of the elements of the lesser offense, the lesser offense is included." *Meads*, 78 P.3d at 294 (emphasis added). In *Meads*, the supreme court expressly held that consideration of the pleadings is "outside the purview of the strict elements test." *Id.* at 295.

¶ 32 Two divisions of this court have previously held in published opinions that DUI is a lesser included offense of vehicular assault—DUI. *People v. Cruthers*, 124 P.3d 887, 890–91 (Colo.App.2005); *People v. Grassi*, 192 P.3d 496, 500 (Colo.App.2008). Under this view, DUI satisfies the "strict elements test" for a lesser-included offense because its elements "must necessarily be proved to sustain a conviction for vehicular assault." *Cruthers*, 124 P.3d at 890; *see also Grassi*, 192 P.3d at 500. I agree with the majority that a division of this court is not obligated to follow the decisions of another division, even though we give such decisions considerable deference. *In re Estate of Becker*, 32 P.3d 557, 563 (Colo.App.2000), *aff'd sub nom. In re Estate of DeWitt*, 54 P.3d 849 (Colo.2002).

¶ 33 Since briefing in this case was completed, however, a majority of another division of this court concluded that DUI is not a lesser included offense of vehicular assault—DUI. *People v. Medrano–Bustamante*, 2013 COA 139, ¶¶6–16, —— P.3d ——, 2013 WL 5760988; *cf. id.* at ¶¶97–100 (Webb, J., dissenting) (declining to reach the issue for procedural reasons). The majority in that case employed the reasoning used by another division, which held that careless driving is

not a lesser included offense of vehicular assault – reckless because vehicular assault did not *"necessarily* include[ ] all of careless driving's essential elements." *Zweygardt,* 298 P.3d at 1021. The *Zweygardt* division came to this conclusion after determining that the statutory language used to define vehicular assault was broader than that used to define careless driving. *Id.* at ¶¶21, 24, 298 P.3d at 1023; *see also People v. Zubiate,* 2013 COA 69, ¶¶49–52, —— P.3d ——, 2013 WL 1909126 (holding for similar reasons that driving under restraint is not a lesser included offense of driving after revocation prohibited). Like the majority in *Medrano–Bustamante,* I conclude that the analysis employed by the *Zweygardt* division is persuasive and that the elements required for vehicular assault – DUI are broader than those necessary to establish DUI.

¶ 34 A defendant can be convicted under the Criminal Code of vehicular assault—DUI if he or she *"operates or* drives a motor vehicle while under the influence of alcohol." § 18–3–205(1)(b)(I), C.R.S.2013 (emphasis added). In contrast, one can be convicted of DUI under the Motor Vehicle Law if he or she *"drive[s]* a motor vehicle *or vehicle."* § 42–4–1301(1)(a), C.R.S.2013 (emphasis added).

¶ 31 The first apparent difference between the two statutes is that vehicular assault – DUI includes the term "operate," while DUI only includes the term "drive." Since the vehicular assault—DUI statute included both terms, it may fairly be presumed that the General Assembly understood the terms to have different meanings. *Zweygardt,* 298 P.3d at 1023. These terms were distinguished by the supreme court in *People v. Stewart,* 55 P.3d 107 (Colo.2002), which observed that " 'drive' means to exercise 'actual physical control' over a motor vehicle," *id.* at 115 (quoting *People v. Swain,* 959 P.2d 426, 431 (Colo.1998)), while " 'operate' is somewhat broader, connoting the action of causing something 'to occur . . . [or] to cause to function,' " *id.* (quoting *People v. Gregor,* 26 P.3d 530, 532 (Colo.App.2000)). Thus, "one could operate a vehicle without necessarily driving it." *Zweygardt,* 298 P.3d at 1023; *see also Zubiate,* ¶51. DUI, therefore, re-

quires proof of driving, while vehicular assault—DUI does not. On this basis, then, DUI is not a lesser included offense of vehicular assault – DUI.

¶ 32 The statutes also differ because each allows for conviction based on the use of different types of vehicles. The Criminal Code provides the relevant definition of "motor vehicle" for purposes of establishing vehicular assault, which "includes any self-propelled device by which persons or property may be moved, carried, or transported from one place to another *by land, water, or air,* except devices operated on rails, tracks, or cables fixed to the ground or supported by pylons, towers, or other structures." § 18–1–901(3)(k), C.R.S.2013 (emphasis added). However, a DUI conviction can arise from driving either a vehicle or motor vehicle, as defined under the Motor Vehicle Law. Accordingly, for purposes of a DUI conviction, a "vehicle" is "a device that is capable of moving itself, or of being moved, from place to place *upon wheels or endless tracks,"* and a "motor vehicle" is "any self-propelled vehicle that is *designed primarily for travel on the public highways."* § 42–1–102(58), (112), C.R.S.2013 (emphasis added). Thus, for example, someone can commit vehicular assault – DUI, but not DUI, by operating a speedboat or airplane while intoxicated. *See Zweygardt,* 298 P.3d at 1024.

¶ 33 Based on this difference as well, I conclude that DUI is not a lesser included offense of vehicular assault—DUI.

¶ 34 I therefore would not follow *Cruthers* or *Grassi* because, first, they did not address the issues discussed above and were decided before the decisions in *Medrano–Bustamante, Zweygardt,* and *Zubiate,* and, second, I am persuaded by the reasoning of the latter decisions. I therefore respectfully dissent.

¶ 35 Finally, I note that not only is our division divided on this issue, but so is our court. At least two other divisions of the court of appeals have recently reached conclusions similar to mine in unpublished and, in my view, well-reasoned opinions. *See People v. Hill,* (Colo.App. No. 12CA0168, Aug. 8, 2013), 2013 WL 4047498 (not published pursuant to C.A.R. 35(f)); *People v. Reyna-*

*Abarca*, (Colo.App. No. 10CA0637, Aug. 1, 2013), 2013 WL 4008874 (not published pursuant to C.A.R. 35(f)). Yet another division followed *Cruthers* on this issue without discussion in an unpublished opinion. *People v. Orta*, (Colo.App. No. 10CA1585, Oct. 11, 2012), 2012 WL 4829187 (not published pursuant to C.A.R. 35(f)). Thus, by my count, excluding the present case and *Zweygardt* and *Zubiate* (which dealt with different offenses involving identical or similar relevant language), three divisions have reached conclusions consistent with that reached by the majority here, and three divisions have reached conclusions consistent with this dissent and in conflict with the first three divisions. *See* C.A.R. 49(a)(3) (conflicting court of appeals decisions may be considered as a reason for certiorari review).