JUDGE BERNARD specially concurring.
¶ 35 I would not address the unpreserved double jeopardy claim that the majority resolves in section IV of the opinion. It is my view that this issue is not properly before us. See People v. Cagle, 751 P.2d 614, 619 (Colo. 1988) ("It is axiomatic that this court will not consider constitutional issues raised for the first time on appeal."); People v. Tillery, 231 P.3d 36, 55-56 (Colo. App. 2009) (Bernard, J., specially concurring) (questioning whether unpreserved sentencing errors, including allegations of double jeopardy error, are subject to plain error review), aff'd on other grounds sub nom. People v. Simon, 266 P.3d 1099 (Colo. 2011) ; People v. Cooper, 205 P.3d 475, 477-78 (Colo. App. 2008) (declining to consider unpreserved double jeopardy issue); People v. Novitskiy, 81 P.3d 1070, 1073 (Colo. App. 2003) (same); but see People v. Greer, 262 P.3d 920, 929 (Colo. App. 2011) (J. Jones, J., specially concurring) (stating that certain unpreserved constitutional errors should be reviewed on appeal); Tillery, 231 P.3d at 47 (majority reviewed unpreserved double jeopardy claim).
¶ 36 (I note that on June 30, 2014, our supreme court granted petitions for writs of certiorari in three cases to review the issue "[w]hether a double jeopardy claim can be raised for the first time on direct appeal." Those cases are People v. Smoots, 2013 COA 152, 396 P.3d 53 (cert. granted June 30, 2014); People v. Hill, (Colo. App. No. 12CA0168, 2013 WL 4047498, Aug. 8, 2013) (not published pursuant to C.A.R. 35(f) ) (cert. granted June 30, 2014); and People v. Reyna-Abarca, (Colo. App. No. 10CA0637, 2013 WL 4008874, Aug. 1, 2013)( not published *102 pursuant to C.A.R. 35(f) ) (cert. granted June 30, 2014).)
¶ 37 It is my view that defendant could, if he wished, raise this issue in the trial court in a Crim P. 35(c) motion. We could then review the trial court's ruling on that motion in any appeal that defendant or the prosecution might file.
¶ 38 Because I would not reach the issue that the majority addresses in section IV, I specially concur with the decision in that section. I concur with the remainder of the opinion.